ERB, Appellee,

v.

ERB, Appellant; Erb, Appellee.

[Cite as *Erb v. Erb* (1989), 65 Ohio App.3d 507.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004566.

Decided Dec. 6, 1989.

*James R. Couch,* for appellee Edward John Erb, Jr.

*Gary L. Carrothers,* for appellant Joan Marie Erb.

*Gerald A. Innes,* for appellee Edward John Erb, Sr.

---

CACIOPPO, Presiding Judge.

Appellee, Edward Erb, Jr., and appellant, Joan Marie Erb, were married on April 8, 1961. Edward, Jr. filed a complaint for divorce on April 23, 1987. Joan filed an answer on May 1, 1987. On November 25, 1987, Joan filed a counterclaim. On the same day, Joan was granted leave to add Edward Erb, Sr. as a third-party defendant and, accordingly, she filed a third-party complaint. On December 7, 1987, Edward Erb, Sr. filed an answer to the third-party complaint. Edward Erb, Jr. filed an answer to the counterclaim on December 8, 1987.

On March 25, 1988, the judge referred the matter to David M. Mumford, Chief Referee of the Domestic Relations Division, Lorain County Court of Common Pleas. Referee Mumford heard the case on April 12, April 22 and April 29, 1988.

On June 9, 1988, the court appointed a mediator to observe the parties divide their personal property. The court subsequently adopted the report submitted by the mediator which concerned the partial division of the personal property.

On March 31, 1989, the trial court entered a divorce decree judgment.

Joan filed an appeal to the divorce decree judgment on April 28, 1989.

## Assignment of Error

"The trial court erred as a matter of law and to the prejudice of the appellant in entering an order incorporating the recommendations of the referee and prior orders of the court when the referee failed to prepare and file a written report, including a statement of the basis of his findings and recommendations as required by Ohio Civil Rule 53(E)."

■ Joan argues that the trial court did not make an independent analysis to support its judgment of March 31, 1989, because the court did not have a report from the referee.

A review of the record indicates that Referee Mumford filed no report and recommendations from the final date of hearing on April 29, 1988, to the date of the trial court's March 31, 1989 final judgment entry. Additionally, the testimony taken on the hearing dates was not transcribed until June 30, 1989, several months after the trial court entered its judgment. The trial court entered the divorce decree which states in pertinent part:

" * * * The Court finds, based on the pleadings and recommendations of the Referee and prior orders of the Court, that the prior orders and recommendations of the Referee should be and are hereby adopted by the Court."

■ Civ.R. 53 provides for the referral of certain disputes to referees. *Garcia v. Tillack* (1983), 9 Ohio App.3d 222, 9 OBR 372, 459 N.E.2d 918. The rule empowers the referee to regulate proceedings, take evidence, and prepare a report for the trial court, which may include recommendations as to those matters submitted. *Id.* Civ.R. 53 requires a referee to perform certain mandatory duties, as follows:

"(E)(1) * * * The referee shall prepare a report upon the matters submitted by the order of reference. The referee shall file the report with the clerk of the court and shall mail a copy to the parties. In an action on the merits of an issue to be tried without a jury, the referee shall file with the report a transcript of the proceedings and of the evidence only if the court so directs.

"(2) * * * A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report. If objections are timely served and filed by any party, any other party may serve and file objections within ten (10) days of the date on which the first objections were filed, or within the time otherwise prescribed by this rule, whichever period last expires. Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself." See, also, *State, ex rel. Lesher, v. Kainrad* (1981), 65 Ohio St.2d 68, 70, 19 O.O.3d 261, 263, 417 N.E.2d 1382, 1384.

The rule contemplates a report which includes a statement of the basis of the referee's findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. *Zacek v. Zacek* (1983), 11 Ohio App.3d 91, 93, 11 OBR 143, 146, 463 N.E.2d 391, 396. If there is no report, the trial court cannot adopt the recommendation as an order of

the court since there is a lack of information upon which an independent analysis of questions of law raised by the controversy can be based. See *Nolte v. Nolte* (1978), 60 Ohio App.2d 227, 14 O.O.3d 215, 396 N.E.2d 807.

The failure to comply with Civ.R. 53 constitutes grounds upon which the appellate court may reverse the judgment of the trial court. *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 151, 10 O.O.3d 158, 163, 381 N.E.2d 1136, 1141. The judgment of the trial court will be set aside upon a showing that the assigned error has merit and that it worked to the prejudice of the appellant. *Id.*

In the case *sub judice*, there was no referee's report submitted concerning the hearing on April 12, April 22, and April 29, 1988. Moreover, the trial court did not have before it the transcript of testimony taken at the hearing. Yet the trial court adopted the recommendations of the referee and made them an order of the court in its March 31, 1989 judgment entry. Without a referee's report or transcript, the court was unable to make the independent analysis required. Additionally, Joan was never given an opportunity to file objections as provided under Civ.R. 53(E)(2), all to Joan's prejudice.

The assignment of error is sustained. The order of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

QUILLIN and BAIRD, JJ., concur.