### In re ESTATE OF HUGHES.

[Cite as *In re Estate of Hughes* (1994), 94 Ohio App.3d 551.]

Court of Appeals of Ohio,
Summit County.

Nos. 16485, 16535.

Decided May 4, 1994.

552

*L. James Martin,* for appellant Barbara Robinson.

*James Campbell,* for appellee Clayton Hughes.

---

REECE, Presiding Judge.

The appellant, Barbara Robinson, appeals from the Summit County Probate Court's finding that Clayton Hughes, executor of the estate of Ann Elizabeth Hughes, did not breach his fiduciary duty in selling estate property to his daughter, Holly Mothes. We affirm.

Barbara and Clayton are the children of Ann Elizabeth Hughes, who died testate on May 8, 1992. In her will, Hughes named Barbara and Clayton as sole beneficiaries and designated Clayton as executor, additionally providing that the executor "is empowered * * * to sell, transfer and assign real and personal property, at such prices and upon such terms as he or [she] may deem proper." Hughes's estate included a house in Akron, Ohio. The house was appraised at $60,000 in an inventory filed by Clayton on August 12, 1992. Barbara filed exceptions to the inventory on September 3, claiming that the house was appraised at less than its true market value. On October 26, Clayton, as executor, entered into a contract with his daughter, Holly Mothes, to sell Hughes's house to her for $80,000. On November 2, Barbara made an offer to Clayton to purchase Hughes's house for $85,000. Clayton did not act on this offer. Barbara then moved on December 22 to have Clayton removed as executor for ignoring Barbara's offer and selling the house to his daughter for a lesser sum.

On January 11, 1993, a referee conducted a hearing on Barbara's exceptions to the inventory and her motion for removal. At the hearing, Clayton filed an amended inventory in which the house was appraised at $80,000, and, Barbara agreed to this appraised value. The referee accepted the $80,000 appraisal as the value of the house and found that no substantial evidence was presented to warrant the removal of Clayton as executor. Barbara timely filed objections to the referee's findings. On September 8, 1993, the probate court overruled Barbara's objections and adopted the referee's findings of fact and conclusions of law.

Barbara responded by moving pursuant to Civ.R. 52 for findings of fact and conclusions of law on the basis that the referee did not make any conclusions of law as to the authority of an executor to sell estate property to his daughter. The probate court remanded the case back to the referee. On September 21, 1993, the referee determined that pursuant to Hughes's will, Clayton had the authority under R.C. 2113.39 to sell estate property without prior court approval

and that the sale of Hughes's house to Clayton's daughter was voidable only upon a finding that the estate was prejudiced by the sale or that Clayton breached his fiduciary duty as executor. The referee concluded that the evidence did not support either finding. Barbara timely filed objections to the referee's additional conclusions of law, and the probate court conducted a hearing on the matter. On November 4, 1993, the probate court overruled the objections and upheld the sale. Barbara appeals raising two assignments of error, one procedural and one substantive.

### Assignment of Error 1

"The court erred in adopting the referee's 'findings of fact and conclusions of law, and orders' when there were no conclusions of law or orders and as a result the initial judgment entered by the court is void or voidable."

■ Barbara argues in her first assignment of error that the probate court erred in its September 8, 1993 order adopting the referee's conclusions of law because the referee had not, in fact, made any conclusions of law as to whether Clayton breached his fiduciary duty by selling estate property to his daughter. Barbara contends that by adopting the referee's report under these circumstances, the probate court failed to comply with Civ.R. 53(E).

In support of her argument, Barbara points to this court's decision in *Erb v. Erb* (1989), 65 Ohio App.3d 507, 584 N.E.2d 807. In *Erb*, the trial court adopted the recommendations of the referee in its order entering a divorce decree. However, even though the referee had conducted a hearing, the referee's report and recommendations had never been filed. This court reversed the trial court's judgment, holding that pursuant to Civ.R. 53(E) "[i]f there is no report, the trial court cannot adopt the recommendation as an order of the court since there is a lack of information upon which an independent analysis of questions of law raised by the controversy can be based." *Id.* at 509–510, 584 N.E.2d at 808.

■ Barbara's reliance on *Erb* is misplaced. A trial court's failure to comply with Civ.R. 53 constitutes grounds for reversal only if the appellant shows the alleged error has merit and the error worked to the prejudice of the appellant. *Erb*, 65 Ohio App.3d at 510, 584 N.E.2d at 808. Under Civ.R. 53(E)(2), "[u]pon consideration of the objections, the court may adopt, reject, or modify the report; hear additional evidence; *return the report to the referee with instructions;* or hear the matter itself." (Emphasis added). In the present case, the referee's report on which the probate court based its September 8, 1993 order was filed by the referee but was incomplete. Barbara timely objected to the September 8 order on the basis that no conclusions of law were made as to whether an executor could sell estate property to his daughter. In response, the probate court remanded the matter to the referee with instructions to consider that issue.

The referee then filed additional conclusions of law, and the probate court conducted an oral hearing on Barbara's objections to those additional conclusions of law before adopting them. Although not procedurally exact, the probate court, in effect, complied with Civ.R. 53 and thus Barbara has failed to demonstrate that her alleged error has merit.

■ Moreover, Barbara was not prejudiced by any procedural defects in the probate court's application of Civ.R. 53. The clear import of Civ.R. 53(E) is to provide litigants with a meaningful opportunity to register objections to the referee's report and the failure to provide such an opportunity to object is prejudicial error. *Pinkerson v. Pinkerson* (1982), 7 Ohio App.3d 319, 7 OBR 415, 455 N.E.2d 693. The probate court heard Barbara's objections to the first referee's report and also heard her objections to the referee's additional conclusions of law. Clearly, Barbara was provided with a meaningful opportunity to register her objections and, therefore, was not prejudiced. See *Barksdale v. Van's Auto Sales, Inc.* (1989), 62 Ohio App.3d 724, 730, 577 N.E.2d 426, 430.

The first assignment of error is overruled.

### Assignment of Error 2

"The court erred in holding that an executor may sell real estate to his daughter, even with a power of sale in the will. Such a sale is either void or voidable (if objected to by any beneficiary.)"

■ In her second assignment of error, Barbara contends that if an executor sells estate property to a close relative, in this case his daughter, that conduct constitutes self-dealing and thus the sale is voidable at the election of the beneficiaries. Barbara cites *Magee v. Troutwine* (1957), 166 Ohio St. 466, 2 O.O.2d 471, 143 N.E.2d 581, as support for this proposition of law.

The syllabus of *Magee* states, "[w]here a Court of Probate issues an order for the private sale of realty by the administratrix of an estate and she then makes such a sale to her spouse, the sale is voidable at the election of the heirs." Upon our review of *Magee* and additional authorities on fiduciary duties, we believe *Magee* is limited to situations in which a fiduciary sells estate property to a spouse and that the rule in *Magee* does not apply to transactions involving a fiduciary's close relatives. The case of *In re Minch* (App.1946), 47 Ohio Law Abs. 146, 71 N.E.2d 144, is illustrative of this distinction.

In *Minch,* the trustee of a testamentary trust was given discretion under Anna Minch's will to distribute the principal and income from the trust for the maintenance of the trust beneficiaries. To this end, the trustee would regularly sell shares of stock held by the trust and distribute the proceeds to the beneficiaries. At one point, the trustee sold some of the stock to his wife and his

father. The beneficiaries brought suit to set aside the stock sales as self-dealing transactions. In reviewing the transactions, the Cuyahoga County Court of Appeals found:

"We are not disposed to deviate from the holding that the sale of trust property by a trustee to his wife constitutes * * * self-dealing, but we cannot extend such a doctrine to include sales of trust property by a trustee to other persons who bear a family relationship to him. Every sale of trust property by a trustee when brought into question must be supported by the trustee. The burden is upon him to show that it was made under the authority conferred upon him by the trust and that it was made in the utmost good faith for the best price obtainable and without benefit to himself. But no legal presumption of self-dealing or bad faith arises simply because the sale of trust property was made by the trustee to his father. * * * The objectors failed to produce any evidence that there was a breach of duty by the trustee in making such sales other than that the purchaser was the father of said trustee and therefore such sale must be sustained." *Id.* at 151–152, 71 N.E.2d at 147. See, also, 2A Scott on Trusts (4 Ed.1987) 333–335, Section 170.6.

In this case, Clayton's authority as executor to sell estate property was controlled by R.C. 2113.39, which provides in part that:

"If a qualified executor * * * is authorized by will or devise to sell any class of * * * real estate, no order shall be required from the probate court to enable him to act in pursuance of the power vested in him. A power to sell authorizes a sale for any purpose deemed by such executor * * * to be for the best interest of the estate, unless the power is expressly limited by such will."

Thus, under R.C. 2113.39, Clayton had the authority to sell Hughes's house to his daughter subject to the restriction articulated in *Minch* that the sale was made in good faith for the best price obtainable and without benefit to the fiduciary.

Hughes's house was appraised at $80,000 in the amended inventory. Clayton's daughter contracted to purchase the house for $80,000 on October 26, 1992. Barbara's offer of $85,000 was not made until November 2, 1992, seven days after Clayton contracted to sell the house. Other than the fact that Clayton sold the house to his daughter, Barbara does not point to any evidence indicating Clayton personally benefitted from the sale. Barbara does contend, however, that Clayton acted in bad faith by not procuring the best price obtainable and by failing to notify her as a will beneficiary of his intent to sell estate property.

Under the broad, discretionary authority of R.C. 2113.39, Clayton was entitled to sell estate property "for any purpose deemed by [him] * * * to be for the best interest of the estate." Other than her $85,000 offer, which was made seven days

after Clayton had already entered into a sales contract, Barbara does not point to any evidence showing that the $80,000 sales price was not the best price available at the time of the sale or in any way adverse to the best interest of the estate. Absent such evidence, we will not question an executor's exercise of his broad, discretionary authority under R.C. 2113.39.

In addition, R.C. 2113.39 does not by its terms require an executor to notify beneficiaries prior to exercising the power to sell estate property. Under the probate code, if an executor is not granted the authority to sell estate property by the terms of the will, the executor can still sell estate property pursuant to R.C. 2127.011, which requires the executor to obtain court approval and the consent of all the beneficiaries. Clearly, R.C. 2113.39 does not contain the express requirement of consent mandated by R.C. 2127.011. Accordingly, in the absence of express language, we will not read a requirement of notice or consent into an executor's broad authority to sell estate property pursuant to R.C. 2113.39. See, generally, *Columbus–Suburban Coach Lines v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 446, 254 N.E.2d 8, 9. The second assignment of error is overruled.

The judgment of the probate court is affirmed.

*Judgment affirmed.*

BAIRD and COOK, JJ., concur.