OPINION
Appellant, Lawrence E. Bortmas, appeals the July 30, 1998 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, ordering him to reimburse appellee, Janice L. Bortmas, for medical insurance coverage and extraordinary medical bills.
Appellant and appellee were married on October 21, 1973, and there were two minor children produced of that marriage, Eric and Craig. On February 2, 1983, the Trumbull County Court of Common Pleas, Domestic Relations Division, granted both parties a dissolution of the marriage and gave appellee custody of both children. As part of the dissolution, the trial court approved the separation agreement submitted by the parties. The separation agreement provided that appellee would be "solely responsible for all ordinary medical, dental, doctor, hospital, and optical expenses incurred on behalf of the two minor children of the parties." The separation agreement further stated that appellant agreed to maintain adequate and appropriate hospitalization insurance coverage for the benefit of the their two minor children until each child reached the age of majority or were emancipated. Finally, appellant agreed to be "responsible for all extraordinary medical, dental, doctor, hospital, and optical expenses incurred on behalf of the two minor children of the parties."
On October 13, 1995, appellee filed a motion requesting the trial court to determine any and all child support arrearage that may exist and to order appellant to reimburse her for medical insurance and medical, dental, and optical expenses. On November 16, 1995, appellant filed written objections to appellee's motion and claimed that he was current with all child support payments and did not owe appellee any money for medical related expenses.
A hearing on appellee's motion was held before a magistrate on January 12, 1996. In a decision issued on the same date as the hearing, the magistrate determined that there was no deficiency for any child support. The magistrate also decided that the issues of medical bills and hospitalization costs must be continued so that appellee could submit documents to support her claim. The trial court adopted the magistrate's decision in an entry dated January 16, 1996. Appellant subsequently filed briefs on February 12, February 26, and May 17, 1996, raising supplemental objections to appellee's motion for reimbursement of medical expenses. On July 3, 1996, a hearing was conducted on the remaining issues.
On July 30, 1998, the trial court entered judgment ordering appellant to reimburse appellee for medical insurance coverage and extraordinary medical expenses in the total amount of $14,004.83. That judgment entry expressly states that the matter came before "the Court on July 3, 1996" and that both parties were represented by their attorneys and provided testimony. Importantly, the record is devoid of any entry indicating that a hearing was held on July 3, 1996. Indeed, there are no entries on the docket sheets of anything for the entire period beginning on May 17, 1996, with appellant's brief raising supplemental objections, and ending on July 30, 1998, with the trial court's judgment entry. However, the record does demonstrate that the July 3, 1996 hearing was held before Magistrate Toni Marcheskie (Fronk), who resigned from the court prior to the July 30, 1998 judgment entry.
Appellant timely filed the instant appeal in August 1998 and requested a copy of the hearing transcript. In October 1998, the trial court informed appellant that there was no transcript of the July 3, 1996 hearing. Appellant now asserts the following assignments of error:
 "[1.] The trial court had no authority to make the decision of the magistrate when the trial court had no transcript or record of the hearing before the magistrate of July 3, 1996.
 "[2.] The trial court erred in granting judgment in favor of appellee when no transcript of the hearing existed, the magistrate who conducted the hearing was no longer with the court, the court, and two (2) years had elapsed since the hearing date."
Due to the interrelatedness of appellant's assignments of error, both assignments will be addressed in a consolidated fashion.
In advancing his assignments of error, appellant contends that when a matter has been referred to a magistrate under Civ.R. 53, the trial court judge is barred from making any rulings associated with the magistrate's hearing unless a complete transcript of the hearing is provided to the trial judge. Appellant further claims that the trial court judge was not provided with a transcript of the July 3, 1996 hearing before rendering her July 30, 1998 judgment entry, and did not, itself, conduct a hearing on the issues. Accordingly, appellant avers that the trial court erred in granting judgment in favor of appellee.
Civ.R. 53 permits a trial court judge to refer certain matters to magistrates. Erb v. Erb (1989), 65 Ohio App.3d 507, 509. Once a matter has been referred to a magistrate and all required action has been taken, the magistrate is required to prepare a "magistrate's decision," unless the matter is of the type listed in Civ.R. 53(C)(3), which permits a magistrate to issue an order without judicial approval. Civ.R. 53(E). The magistrate's decision must be prepared, signed, and filed by the magistrate. Civ.R. 53(E)(1). In addition, any party to the action may file objections to a magistrate's decision within fourteen days of the filing of the decision. Civ.R. 53(E)(3). Importantly, a party is precluded from appealing any finding of fact or conclusion of law adopted by the trial court from the magistrate's decision unless the party has objected to the finding or conclusion as provided for in Civ.R. 53(E). Civ.R. 53(E)(3)(b).
Civ.R. 53 contemplates that the magistrate's decision will include a statement of the basis of his or her findings and recommendations in order to provide the trial court with sufficient information to make its own independent analysis of the decision's validity. Coronet Ins. Co. v. Richards (1991),76 Ohio App.3d 578, 582; Erb, 65 Ohio App.3d at 509; Zacek v.Zacek (1983), 11 Ohio App.3d 91, 93. Without the decision, the trial court is barred from adopting the recommendation as an order of the court because there is, then, a lack of information upon which it can perform an independent analysis of the questions of law.Erb, 65 Ohio App.3d at 509-510; Nolte v. Nolte (1978), 60 Ohio App.2d 227,231. Finally, the failure to comply with Civ.R. 53 will permit an appellate court to reverse the judgment of the trial court in situations where there was a deviation from the rule and the deviation prejudiced the appellant. In re Estate ofHughes (1994), 94 Ohio App.3d 551, 554; Erb,65 Ohio App.3d at 510; Eisenberg v. Peyton (1978), 56 Ohio App.2d 144, 151.
In Erb, the trial judge referred certain issues in a divorce proceeding to the court's magistrate. The magistrate conducted a hearing on the issues but failed to file a decision. Nearly one year after the hearing, the trial court entered a divorce decree judgment. Importantly, the trial court entered judgment without the benefit of having reviewed a transcript of the hearing, as no transcript was prepared until several months after the divorce decree judgment was entered in the record. In that case, the appellant argued that it was error for the trial court to render its judgment, which incorporated the magistrate's recommendations, when the magistrate failed to prepare a decision pursuant to Civ.R. 53.
The Ninth District Court of Appeals held that the deviation from Civ.R. 53 prejudiced the appellant because without the magistrate's decision or transcript of the hearing, the trial court could not make an independent analysis of the magistrate's recommendations. Erb, 65 Ohio App.3d at 509-510. The court also held that the appellant was prejudiced by the absence of the magistrate's decision because she was not afforded an opportunity to file objections with the trial court before it incorporated the magistrate's recommendations. Id. at 510. Therefore, the matter was reversed and remanded for further proceedings. Id.
In the case of In re Estate of Hughes, the appellant argued that the trial court's adoption of the magistrate's decision must be reversed on the basis of the holding in Erb. However, the appellate court concluded that the appellant's reliance on Erb was misplaced because the magistrate filed its decision, though incomplete, and the appellant was, thus, afforded an opportunity to file objections with the trial court. In re Estate of Hughes,94 Ohio App.3d at 554-555. In addition, the appellate court held that the appellant was not prejudiced by the magistrate's limited departure from Civ.R. 53 since the probate court held a hearing on appellant's objections before adopting the magistrate's recommendations.
In the present matter, the record indicates that the issue of reimbursement for medical coverage and extraordinary medical bills was referred to the magistrate for a hearing. Additionally, that hearing was held on July 3, 1996, but no magistrate's decision was filed, as mandated by Civ.R. 53(E). Furthermore, the record does not show that the trial court judge actually received any recommendations from the magistrate or that she was presented with a transcript of the magistrate's hearing. Also, the record fails to show that the trial court judge conducted her own hearing on the medical related expenses issue. Moreover, although the trial court's July 30, 1998 judgment entry does not expressly state that it is adopting the recommendations of the magistrate, the reference in the entry to the fact that it is based upon findings made at the July 3, 1996 hearing demonstrates that the court was impliedly relying on findings made by the magistrate, given the procedural facts of this case. Accordingly, under the holdings ofIn re Estate of Hughes and Peyton, the decision of the trial court will be reversed if there was a deviation from the procedure outlined in Civ.R. 53 and the deviation prejudiced appellant.
In this case, there was a deviation from the Civ.R. 53 procedure when the magistrate failed to file a "magistrate's decision" of record. Also, appellant was prejudiced by this failure, because it denied him an opportunity to file objections with the trial court. In addition, there is no evidence that the trial court was supplied with a transcript of the hearing or that it conducted its own hearing. Consequently, as stated in Erb, the trial court was precluded from making an independent analysis of the magistrate's recommendations. Thus, the decision of the trial court must be reversed. Therefore, appellant's assignments of error are well-taken.
It is important to note that the facts of this case are distinguishable from those in the case of In re Estate of Hughes. In that case, the magistrate filed a "magistrate's decision," although it was partially incomplete. In this case, no magistrate's decision was filed. The instant matter also is distinguishable on the basis that without a filed magistrate's decision, appellant was unable to file objections to any recommendations made by the magistrate. Finally, in our case, the trial court judge did not conduct its own hearing on the disputed issues, unlike the facts in In re Estate of Hughes.
For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, must be reversed and remanded for proceedings consistent with this opinion.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., O'NEILL, J., concur.