This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Robert D. Swain has appealed from a decree of divorce entered by the Summit County Domestic Relations Court. This Court reverses.
 I.
Appellant and Appellee Deborah J. Swain were married on June 13, 1970. Appellee filed a complaint for divorce on April 6, 1999. On January 13, 2000, the matter was heard before a magistrate. During the proceeding, the parties reached a separation agreement, which was recorded before the magistrate. Pursuant to the agreement, Appellee's attorney would draft the agreed journal entry, send it to Appellant for signature, and then submit it to the trial court for its signature. However, on March 14, 2000, the magistrate and the judge jointly issued a judgment for divorce, which incorporated a separation agreement that was not signed by the parties. Appellant timely appealed, asserting two assignments of error.
 II. A. Assignment of Error Number One
 As a matter of law, the trial court erred to the prejudice of Appellant when the trial court issued a judgment entry of divorce, after the hearing before the magistrate, although the magistrate had failed to comply with [Civ.R. 53(E)(1)].
In his first assignment of error, Appellant has asserted that the trial court erred when it issued a joint order with the magistrate. Moreover, Appellant has argued that he suffered prejudice because the magistrate failed to comply with Civ.R. 53(E)(1). This Court agrees.
Civ.R. 53(E)(1) provides:
 The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
An appellate court will reverse the judgment of a trial court that failed to comply with Civ.R. 53(E)(1) if the failure prejudiced the appellant. Erb v. Erb (1989), 65 Ohio App.3d 507, 510.
In the case at bar, the magistrate did not issue an independent decision concerning the January 13, 2000 hearing. Appellant was prejudiced by the absence of a single, separate magistrate's decision because he was not afforded an opportunity to file any objections. SeeErb, 65 Ohio App.3d at 510. Appellant also suffered prejudice because the trial court did not make its own independent analysis concerning the validity of the magistrate's decision. See id. In light of the foregoing, Appellant's first assignment of error is sustained.
 II. B. Assignment of Error Number Two
 As a matter of law, the trial court erred to the prejudice of Appellant when the trial court incorporated into its judgment entry of divorce an ex parte separation agreement although neither the parties nor their counsel had signed the separation agreement, which differed from the agreement of the parties in open court.
In his second assignment of error, Appellant has argued that the trial court erred when it incorporated the separation agreement into its judgment entry. Based on this Court's determination of Appellant's first assignment of error, his second assignment of error is moot. App.R. 12(A)(1)(c).
 III.
Appellant's first assignment of error is sustained. His second assignment of error is moot. The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
 ___________________________ BETH WHITMORE
BAIRD, P. J., CARR, J., CONCUR