[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Plaintiff-appellee Kristin Clark filed a complaint against defendant-appellant Steven Ward for failure to refund a security deposit. Ward filed an answer and counterclaim for breach of contract. In August 2000, a magistrate granted judgment in favor of Ward and awarded him $50 in damages. Clark filed objections to the magistrate's decision. In October 2000, the trial court reversed the decision and granted judgment to Clark "in the amount of $1000 plus 10% interest from September 1, 1998, and reasonable attorney fees to be determined at a later hearing." Ward filed pro se a notice of appeal. In April 2001, we dismissed his appeal for failure to comply with App.R. 9(C).
{¶ 3} For some unknown reason, in March 2001, a magistrate dismissed Clark's claim against Ward for recovery of the security deposit without prejudice at Clark's costs. The trial court corrected this entry in May by vacating the dismissal and setting a hearing date for attorney fees. Clark sought $5392.50 in fees, attaching an affidavit and statement in support of her request.
{¶ 4} The case was submitted to a magistrate. On July 20, 2001, a hearing was conducted before the magistrate to determine attorney fees. At the hearing, Ward argued that Clark was not entitled to attorney fees because there was no showing of malice and because the fees requested were excessive. At the hearing, the magistrate indicated that a written opinion would be issued. In October 2001, without an opinion from the magistrate, the trial court awarded attorney fees to Clark "in the amount of $5392, based upon plaintiff's affidavit of counsel and defendant's failure to file a memorandum in opposition."
{¶ 5} Ward has filed a timely notice of appeal from the trial court's October 2001 decision. In the first assignment of error, Ward contends that the trial court erred in granting judgment to Clark before the magistrate issued an opinion relating to the amount of attorney fees. We agree.
{¶ 6} Pursuant to Civ.R. 53, certain matters may be referred to a magistrate. The rule empowers the magistrate to regulate proceedings, to take evidence, and to prepare a decision to be adopted, modified, or rejected by the trial court.[1] Because Civ.R. 53 contemplates that the magistrate's decision will include a basis upon which the trial court can conduct its own independent analysis of the decision's validity,[2] the parties may request that findings of fact and conclusions of law be included in the magistrate's decision.[3] The parties may file objections to the magistrate's decision, which must be considered by the trial court.[4] Reversible error occurs when there is a prejudicial deviation from the procedures outlined in Civ.R. 53.[5]
{¶ 7} Here, the magistrate did not issue an independent decision concerning the July 20, 2001, hearing on fees. Nothing in the trial court's entry demonstrates that the trial court had the transcript of the July 20, 2001, hearing before it. In fact, the trial court's entry does not indicate that the matter was ever referred to a magistrate. Due to the fact that the trial court entered a judgment before the magistrate had prepared a decision, the trial court prejudicially failed to comply with Civ.R. 53. By failing to comply with Civ.R. 53, the trial court did not engage in its own independent analysis of a decision made by the magistrate, and Ward was not given an opportunity to object to the magistrate's decision. Accordingly, Ward's first assignment of error is sustained.
{¶ 8} In the second assignment, Ward contends that the trial court erred in awarding attorney fees to Clark, when there had been no finding by the court that Ward had "wrongfully withheld" funds from Clark. In support of this assignment, Ward maintains that it was unreasonable, arbitrary, and an abuse of discretion to award fees in the amount of $5392 because the award was not rationally related to the amount of the security deposit and because no evidence was presented that Ward had "wrongfully withheld" the security deposit. Specifically, Ward requests that no attorney fees be awarded to Clark.
{¶ 9} Insofar as Ward is contesting the May 2001 decision awarding damages plus interest and reasonable attorney fees to Clark, we hold that he is now precluded from raising the issue of Clark's entitlement to fees on appeal. Pursuant to App.R. 4, a party must file a notice of appeal within thirty days of the entry of a final judgment. In this case, a judgment establishing the fee entitlement was entered in favor of Clark in May 2001. And while Ward did file a timely notice of appeal, it was dismissed for failure to comply with App.R. 9(C). Given Ward's failure to properly prosecute his appeal from the May 2001 entry, Clark's entitlement to fees can no longer be an issue in this appeal from the amount of the fee award. To the extent that Ward is arguing that the trial court erred in awarding $5392 in attorney fees, we hold that the fee award was erroneous solely for the reasons given in our discussion of the first assignment of error: that an amount of fees could not be reduced to a judgment in the absence of compliance with Civ.R. 53. The second assignment of error is, therefore, sustained in part.
{¶ 10} Accordingly, we reverse the judgment of the trial court and remand this case for an appropriate consideration of the amount of attorney fees to be awarded in compliance with the procedures outlined in Civ.R. 53. On remand, steps must be taken to insure that a magistrate's decision on the calculation of fees is prepared and placed of record; the parties must be given the opportunity to file objections to that decision, and the trial court must review the decision in accordance with the terms of the rule before entering a final judgment.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Civ.R. 53.
[2] See Erb v. Erb (1989), 65 Ohio App.3d 507, 509-510, 584 N.E.2d 807;In Re Bortmas (1999), 11th Dist. No. 98-T-0147.
[3] See Civ.R. 53(E)(2).
[4] See Civ.R. 53(E)(3) and (4).
[5] See Erb v. Erb, supra, at 509-510, citing Eisenberg v. Peyton
(1978), 56 Ohio App.2d 144, 151, 381 N.E.2d 1136; Swain v. Swain (2000), 9th Dist. No. 20048; In Re Bortmas, supra.