OPINION
{¶ 1} Defendant-appellant, Jerry Garwood (hereinafter "appellant"), appeals the decision of the Van Wert County Court of Common Pleas, overruling his objections to the magistrate's decision ordering tax penalties incident to a divorce be allocated solely to him.
 {¶ 2} Appellant was divorced from plaintiff-appellee, Deborah Garwood (hereinafter "appellee") on December 5, 2001, after twenty-five years of marriage. The parties entered into a settlement agreement and allocation of property rights. The agreement provided that appellant would cease all farm operations in 2001. Grain from the farm operations was to be sold, with appellant receiving the first $20,000 of farm income. Appellant and appellee would then split the remaining farm income. A dispute, however, arose between appellant and appellee regarding the interpretation of the farm income provisions of the separation agreement. As a result of this dispute, appellee filed a Motion for Allocation of Net Farm Income.
 {¶ 3} A hearing on the motion was held in front of a magistrate. In a decision issued August 28, 2003, the magistrate found that appellant received all of the proceeds from the farm operation for the year 2001. Despite this fact, appellant, in preparing his 2001 tax return, caused a 1099 to be issued to appellee in the amount of $37,162, creating an income tax liability for her on proceeds she did not receive. Consequently, the magistrate ordered appellant to amend his 2001 tax return to reflect all of the 2001 farm income on his individual return. The magistrate further ordered appellant to pay any tax, penalties and interest accrued as a result of the amendment.
 {¶ 4} Since the magistrate's decision was entered on August 28, 2003, objections to the decision, pursuant to Civ.R. 53, should have been filed by September 11, 2003. On the day objections were due, appellant filed a Motion to Extend Time to File Objections requesting that the trial court extend the time to file objections until September 18, 2003. The trial court never ruled on the motion. Appellant's objections were filed on September 19, 2003.
 {¶ 5} Appellant presented four objections to the magistrate's decision. First, appellant alleged that the magistrate erred in determining the total amount of farm income for the year 2001 and by ordering an amendment of his 2001 tax return. Second, appellant asserts that the penalty and interest assessed as a result of the amended tax return should not be solely allocated to him, but rather, that the parties should be ordered to file a joint income tax return. Third, appellant objected to the magistrate's classification of a pick-up truck, alleging it was not purchased with joint assets. Finally, appellant objected to the magistrate's consideration of the farm income as part of the determination of appellant's child support obligation.
 {¶ 6} After considering the objections, the trial court entered its judgment on October 1, 2003. The trial court found that appellant had not filed timely objections to the magistrate's decision. Nevertheless, the trial court ruled on two of appellant's objections. The trial court determined that the magistrate incorrectly classified the pick-up truck as being purchased with joint assets and it ordered the parties to cooperate in filing a joint income tax return, if that filing would yield less tax, penalties and interest. The trial court did not change that part of the magistrate's decision that required appellant to pay all additional tax, penalties and interest which might be owed from the amended filing. The trial court did not rule on the two remaining objections and, otherwise, adopted the magistrate's decision.
 {¶ 7} In his appeal from the trial court's decision, the appellant sets forth two assignments of error for our review. We will consider the assignments of error together.
 ASSIGNMENT OF ERROR NO. I The trial court erred in allocating solely to the Defendantany penalty and interest that might be associated with theamended joint income tax return for the year 2001.
 ASSIGNMENT OF ERROR NO. II The trial court erred in ordering that the filing of anamended joint income tax return for the year 2001 shall notdisturb the distributive award or allocation of the debts.
 {¶ 8} Appellant asserts that the trial court erred and abused its discretion in adopting the magistrate's decision allocating all of the tax penalties solely to him, as he claims that there is no evidence in the record to conclude that the failed to properly prepare his income tax return. Appellant, therefore, maintains that the tax penalties should be considered marital debt. Appellant additionally argues that the trial court's order to the parties to file a joint tax return should have included a change to the magistrate's distributive award as a result of parties' changed tax liabilities. Appellant contends that the trial court failed to consider the impact of a joint tax return on the distribution of assets and, therefore, abused its discretion.
 {¶ 9} Civ.R. 53(E)(3)(a) requires objections to the magistrate's decision be filed within fourteen days of the decision. If objections to the magistrate's decision are timely filed, the trial court is required to rule on those objections. However, if a party fails to make the necessary written, specific objections within fourteen days of the filing of the magistrate's order, then the trial court is not required to rule on the objections. Instead, the trial court may adopt, reject, or modify the magistrate's decision. Civ.R. 53(E)(4)(b). Moreover, "a party may not assign as error on appeal the court's adoption of any finding of fact or conclusion of law" contained in the magistrate's decision unless it was properly objected to within the fourteen day period. Civ.R. 53(3)(d). As determined by the trial court, appellant's objections were not timely filed.
 {¶ 10} Because the objections to the magistrate's decision herein were not timely filed, the trial court was entitled to adopt the magistrate's decision, which it did. Pursuant to Civ.R. 53(3)(d), appellant may not therefore assign as error on appeal to this court those portions of the magistrate's decision that the trial court adopted. Thus, appellant's assignments of error are not properly before this court, and we must overrule them.
 {¶ 11} Although not required to, the trial court ruled selectively on two of appellant's objections to the magistrate's decision. These concerned the filing of a joint tax return and the classification of the pick-up truck as appellant's property. To that extent, the trial court effected a modification of the magistrate's decision. The trial court has the authority, but not the obligation, to modify a magistrate's decision pursuant to Civ.R. 53(4)(b) when objections are not timely made. However, the matters which the trial court modified were to appellant's benefit, and they were not assigned as error in this appeal.[1] Consequently, we do not address them.
 {¶ 12} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.
[1] In fact, the filing of a joint tax return was a remedy that appellant requested. The appellant, in his brief to this court, stated, "[t]he appellant believes that the only equitable resolution of this matter and carrying out the intent of the parties in the original divorce decree is to do what the Trial Court has done and order the filing of an amended joint return.