OPINION
{¶ 1} Defendant-appellant, Carter Lumber Company ("Carter Lumber"), appeals a judgment of the Findlay Municipal Court, adopting the magistrate's decision and granting judgment in favor of plaintiff-appellee, Performance Construction, Incorporated ("Performance Construction"). Carter Lumber maintains that the trial court erred in finding that it had committed the tort of conversion by reselling the oriented strand board ("OSB") that it had previously sold to Performance Construction. Carter Lumber claims that the resale was justified under the Uniform Commercial Code (UCC) because Performance Construction had wrongfully refused to take delivery of the OSB. Carter Lumber also maintains that the trial court erred in calculating the amount of damages Performance Construction suffered. Furthermore, Carter Lumber asserts that the magistrate's failure to include statutorily required notice language in its findings of fact and conclusions of law excuses Carter Lumber's failure to file timely objections to the magistrate's decision.
 {¶ 2} Having reviewed the entire record and the applicable law, we find that Carter Lumber has not demonstrated that it was prejudiced by the magistrate's failure to include in its decision the statutorily required notice language. Accordingly, the trial court did not commit reversible error by adopting the magistrate's decision and refusing to consider Carter Lumber's untimely objections to the magistrate's decision. Therefore, those objections can not be considered by this Court on appeal, and the judgment of the trial court adopting the magistrate's decision is affirmed.
 {¶ 3} Sometime around February of 2003, Brian Heyman, a salesman for Carter Lumber, approached Carla Cooper, a project manager for Performance Construction, and proposed to Cooper that Performance Construction purchase OSB in order to avoid an imminent price increase in the product. Per this conversation, Performance Construction purchased 540 sheets of OSB from Carter Lumber at a cost of $4.99 per sheet. According to findings made by the magistrate, Carter Lumber agreed to store the OSB for Performance Construction until it was needed. Under this arrangement, Performance Construction would call Carter Lumber for delivery of specific amounts of the prepaid OSB as it was needed.
 {¶ 4} Subsequently, in February of 2004, Performance Construction called Carter Lumber to request the delivery of its remaining OSB. However, Carter Lumber informed Performance Construction that it had sold the OSB and credited Performance Construction's account $952.09. The $952.09 represented the undelivered OSB at the original purchase rate of $4.99 per sheet.
 {¶ 5} Accordingly, Performance Construction was forced to purchase OSB on the open market at $16.99 per sheet. Performance Construction then filed suit against Carter Lumber in small claims court based upon the tort of conversion of property. Performance construction's suit sought $3,000.00, which represented the difference between the original purchase price Performance Construction paid to the Carter Lumber for the OSB and the price Performance Construction was forced to pay on the open market to cover its OSB requirements. After the suit was filed, Carter Lumber issued a check to Performance Construction for the $952.09 it had originally credited to Performance Construction's account.
 {¶ 6} At trial, Heyman testified that he had worked for Carter Lumber for the previous three years and that it had always been Carter Lumber's policy not to hold inventory for customers for longer than ninety days. He also testified that he spoke with Cooper and informed her in October of 2003 that Performance Construction had two weeks to either take delivery of the remaining OSB or receive a credit for the original purchase price. Cooper denied that such a conversation had ever taken place. She testified that Heyman never informed her that Performance Construction had a limited time to accept delivery of the OSB.
 {¶ 7} After considering all of the evidence and the conflicting testimony, the magistrate found that Performance Construction had proven its case by a preponderance of the evidence and awarded judgment to Performance Construction in the amount of $3,000.00. In finding for Performance Construction, the magistrate found that the agreed upon arrangement between the parties was that Carter Lumber would store the prepaid OSB for Performance Construction and deliver it as needed. The magistrate also found that Carter Lumber never informed Performance Construction that it must take immediate delivery of the OSB. In making this finding, the magistrate considered the conflicting testimony of Cooper and Heyman and found Cooper's testimony to be more reliable. The magistrate also considered the fact that Performance Construction's prepaid OSB was never separately marked or segregated from Carter Lumber's general supply of OSB. The magistrate's decision was filed on May 12, 2004.
 {¶ 8} Thereafter, on May 27, 2004, Carter Lumber filed objections to the magistrate's decision with the Findlay Municipal Court. However, the trial court refused to consider these objections because they were not filed within fourteen days of the magistrate's decision as required by Civ.R. 53(E)(3)(A). Therefore, with no proper objections to the magistrate's decision before it, the trial court adopted the magistrate's decision in whole and ordered judgment in favor of Performance Construction in the amount of $3,000.00. From this judgment Carter Lumber appeals, presenting three assignments of error for our review.
 Assignment of Error I The trial court erred because Carter Lumber did not commit atortuous act of conversion by reselling oriented strand board("OSB") because it is permitted to resell the wood under theUniform Commercial Code.
 Assignment of Error II The trial court erred in its calculation of damages byplaintiff's improper attempts to cover and should not haveawarded Performance Construction any monetary damages.
 Assignment of Error III The trial court's failure to contain the required languagefound in Civ.R. 53(E)(2) in the magistrate's decision does notbar the Appellant from refilling its objections.
 {¶ 9} Due to the nature of these assignments of error, we elect to address them out of order.
 Assignment of Error III {¶ 10} In its third assignment of error, Carter Lumber asserts that the trial court erred when it failed to consider Carter Lumber's objections to the magistrate's decision. While Carter Lumber does not deny that the objections were untimely filed, it claims that it was excused from the fourteen day time limit because the magistrate failed to include in his decision the notice language required by Civ.R. 53(E)(2).
 {¶ 11} Civ.R. 53 allows a trial court to refer certain matters to magistrates. Under Civ.R. 53(E)(3), a party has fourteen days to file objections to a magistrate's decision with the trial court. If such objections are timely filed, the trial court is required to rule on those objections. Garwood v.Garwood, 3rd Dist. No. 15-03-14, 2004-Ohio-2362, at ¶ 9. However, if a party fails to timely file such objections, then any error in the trial court's adoption of any of the magistrate's findings of fact or conclusions of law is deemed waived and can not be assigned as error on appeal. Civ.R. 53(E)(3)(d); Garwood at ¶ 9.
 {¶ 12} Herein, it is undisputed that Carter Lumber did not file objections with the trial court until fifteen days after the magistrate's decision was filed. Therefore, the trial court was entitled to disregard Carter Lumber's objections and adopt the magistrate's decision in whole. Civ.R. 53(E)(4)(a); Garwood at ¶ 10. Furthermore, Civ.R. 53(E)(3)(d) bars Carter Lumber from assigning as error on appeal those portions of the magistrate's decision that the trial court has adopted. Id. Under ordinary circumstances, this would require us to overrule all of Carter Lumber's assignments of error without further consideration.Garwood at ¶ 10. Nevertheless, Carter Lumber maintains that the conspicuous absence of the notice language required by Civ.R. 53(E)(2) from the magistrate's findings of fact and conclusions of law excused Carter Lumber's non-compliance with Civ.R. 53(E)(3)'s fourteen day time limit.
 {¶ 13} Civ.R. 53(E)(2) provides that "[a] magistrate's findings of fact and conclusions of law shall indicate conspicuously that a party shall not assign as error on appeal the [trial] court's adoption of any finding of fact or conclusion of law unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(E)(3)." Nowhere in the magistrate's findings of fact or conclusions of law did it state that Carter Lumber would waive any error on appeal unless it timely and specifically filed objections to the magistrate's decision. Thus, Carter Lumber contends that the trial court erred in adopting the magistrate's decision because it did not include the statutorily required notice language.
 {¶ 14} "A trial court may not be reversed for failure to comply with Civ.R. 53 unless the appellant shows that the alleged error has merit and that it prejudiced the appellant." Stout v.Stout, 3rd Dist. No. 14-01-10, 2001-Ohio-2293, citing Skaggs v.Skaggs (Dec. 4, 1997), 3rd Dist. No. 9-97-18, quoting In reEstate of Hughes (1994), 94 Ohio App.3d 551, 554. Carter Lumber has clearly shown that the trial court erred when it adopted the magistrate's decision without the statutorily required notice language. Therefore, we must now determine whether such error caused Carter Lumber prejudice.
 {¶ 15} The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. In re Estate of Hughes,94 Ohio App.3d at 555; Swain v. Swain (Nov. 22, 2000), 11th Dist. No. 20048;In re Bortmas (Oct. 15, 1999), 11th Dist. No. 98-T-0147; Erbv. Erb (1989), 65 Ohio App.3d 507, 510. "The clear import of Civ.R. 53(E) is to provide litigants with a meaningfulopportunity to register objections to the [magistrate's] report and the failure to provide such an opportunity to object is prejudicial error." (Emphasis added.) In re Estate of Hughes,94 Ohio App.3d at 555, citing Pinkerson v. Pinkerson (1982),7 Ohio App.3d 319, syllabus.
 {¶ 16} Appellate courts have found prejudice in the factual situation where the trial court adopted the magistrate's outcome without a magistrate's decision having been filed. In reBortmas supra; Erb v. Erb (1989), 65 Ohio App.3d 507, 509-510. Thus, in those cases, the trial court had nothing on which it could base an independent decision. Likewise, the appellant had nothing on which to base any possible objections. However, under the facts of the case before us, the magistrate herein filed a rather detailed decision that weighed conflicting evidence and testimony and gave legal reasoning for its conclusions. Unlike the situation where no magistrate's decision has been filed, Carter Lumber had a decision from which it could have based its objections. Carter Lumber could have filed objections to the magistrate's decision despite the fact the decision did not include the statutory notice language. The opportunity for Carter Lumber to file objections was in no way impeded by the omission of the notice language from the magistrate's report. Furthermore, Carter Lumber has never contended that it did not know of the fourteen day filing deadline for objections to a magistrate's decision. Thus, the absence of the notice language articulated in Civ.R. 53(E)(2) did not prevent Carter Lumber from filing timely objections to the magistrate's decision, and Carter Lumber has failed to show this Court any evidence that the absence of the statutory notice language deprived Carter Lumber of the opportunity to file timely objections.
 {¶ 17} Additionally, the trial court had before it enough information from which it was able to conduct an independent analysis of the magistrate's decision. The magistrate's decision made both factual and legal findings and discussed the relevant testimony and evidence that was presented at the magistrate's hearing.
 {¶ 18} The record is devoid of any evidence that the trial court's failure to comply with Civ.R. 53(E) caused Carter Lumber any prejudice. Therefore, the trial court did not err in adopting the magistrate's decision and refusing to consider Carter Lumber's objections. Accordingly, Carter Lumber's third assignment of error is overruled.
 Assignments of Error I II {¶ 19} In its first and second assignments of error, Carter Lumber challenges the trial court's adoption of the magistrate's findings of fact and conclusions of law. However, as discussed above, the trial court was warranted in dismissing Carter Lumber's objections to the magistrate's decision as untimely. Therefore, Carter Lumber's objections to the magistrate's findings of fact and conclusions of law are not properly before this Court on appeal and can not be assigned as error on appeal to this Court. Civ.R. 53(E)(3)(d); Garwood at ¶ 9. Accordingly, Carter Lumber's first and second assignments of error are overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Shaw, P.J. and Bryant, J., concur.