DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Joanne Romans, appeals from the judgment of the Medina Municipal Court which accepted her no contest plea and found her guilty of operating a vehicle under the influence of alcohol. This Court reverses.
 I. {¶ 2} In the early morning hours of May 10, 2006, appellant was issued a citation for operating a vehicle under the influence of alcohol ("OVI") and for having an open container of alcohol in the vehicle. On that same day, appellant consented to the matter being heard by a magistrate, waived her right to a jury trial, and appeared before a magistrate. At the hearing, the magistrate accepted *Page 2 
appellant's plea of no contest, found her guilty of OVI, and dismissed the open container violation pursuant to the prosecutor's recommendation.
 {¶ 3} Appellant's counsel then filed a sentencing memorandum with the trial court. The trial court held a sentencing hearing on July 10, 2006, fined appellant $500, and sentenced appellant to 180 days in jail, suspending 170 days of that sentence. Appellant has timely appealed her conviction, raising two assignments of error for review. For ease of analysis, we have consolidated appellant's assignment of error.
 II. ASSIGNMENT OF ERROR I "THE COURT ERRED IN ACCEPTING THE MAGISTRATE'S FINDING OF GUILTY."
 ASSIGNMENT OF ERROR II "THE COURT LACKED JURISDICTION TO SENTENCE APPELLANT OR TO ENTER A FINDING OF GUILTY IN ITS JOURNAL ENTRY OF JULY 10, 2006 AND THUS ERRED TO THE PREJUDICE OF THE APPELLANT."
 {¶ 4} In both of her assignments of error, appellant asserts that the magistrate failed to comply with Crim.R. 19. Specifically, appellant argues that the magistrate never issued a proper decision and failed to inform her of her right to object to the magistrate's decision. We agree.
 {¶ 5} While appellant has erroneously argued that the magistrate's errors are jurisdictional, she has properly identified that the magistrate did err. The *Page 3 
applicable version of Crim.R. 19 in effect at the time of trial provided in pertinent part as follows:
 "Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. All matters referred to magistrates shall be decided as follows:
 "(1) Magistrate's decision. The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. All decisions of a magistrate shall be in writing, signed by the magistrate, identified as a magistrate's decision in the caption, and filed with the clerk, who shall serve copies on all parties or their attorneys." Crim.R. 19(E) (eff. 7/1/1990, amended 7/1/2006).
This Court has previously addressed the effect of this mandate in the civil rule counterpart to Crim.R. 19, Civ.R. 53.
 "The rule contemplates a report which includes a statement of the basis of the referee's findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. If there is no report, the trial court cannot adopt the recommendation as an order of the court since there is a lack of information upon which an independent analysis of questions of law raised by the controversy can be based.
 "The failure to comply with Civ.R. 53 constitutes grounds upon which the appellate court may reverse the judgment of the trial court. The judgment of the trial court will be set aside upon a showing that the assigned error has merit and that it worked to the prejudice of the appellant." (Internal citations omitted.) Erb v. Erb (1989), 65 Ohio App.3d 507, 509-10.
In this context, courts have found that prejudice exists when the magistrate's failure to file a report has deprived a party of the opportunity to file objections. Id. at 510. "The clear import of Civ.R. 53(E) is to provide litigants with a meaningful opportunity to register objections to the referee's report and the failure to provide *Page 4 
such an opportunity to object is prejudicial error." In re Estate ofHughes (1994), 94 Ohio App.3d 551, 555.
 {¶ 6} In the record before this Court, there is no evidence of a journalized magistrate's decision. Accordingly, appellant was never provided the opportunity to object to the magistrate's decision. SeeState v. Litreal, 4th Dist. No. 06CA13, 2006-Ohio-5416, at ¶ 9 (noting that the failure to file a magistrate's decision is a clear procedural deficiency). "We agree that [the defendant] could not file objections to a non-existent magistrate's decision." Id. This Court finds, therefore, that the trial court committed prejudicial error. Appellant's assignments of error are sustained.
 III. {¶ 7} Appellant's assignments of error are sustained. The judgment of the Medina Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment *Page 5 
into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
 SLABY, P. J., WHITMORE, J. CONCUR *Page 1