DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kevin J. Breen, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, granting Appellee a civil protection order. This Court affirms.
 I. {¶ 2} Appellant and Appellee, Diane C. Zaryki, were involved in a relationship for several years. As a result of this relationship, the parties began living in a home together and now have a young child together. On April 12, 2004, Appellant slapped Appellee across the face. As a result, Appellee obtained an ex parte protection order against Appellant. Upon an agreement between the parties resolving several outstanding issues regarding the relationship, that protection order was dismissed.
 {¶ 3} Subsequently, Appellee sought another civil protection order. In support of this order, Appellee testified that Appellant had been harassing her friends and babysitters. Following a full hearing, the magistrate found that Appellant's "anger and obsession with [Appellee] seem to be escalating" and that his overall behavior serves as "a threat of physical harm to [Appellee]." Subsequently, the trial court adopted the magistrate's decision, issuing a civil protection order against Appellant. Appellant timely appealed, raising two assignments of error for our review. As these assignments of error are interrelated, they will be addressed together.
 ASSIGNMENT OF ERROR I
"The trial court erred in issuing a civil protection order pursuant to O.R.C. § 3113.31 upon a magistrate's hearing without issuing proposed findings of fact and conclusions of law and opportunity for filing objections as provided under Civ.R. 53."
 ASSIGNMENT OF ERROR II
"The trial [court] erred in issuing a civil protection order pursuant to O.R.C. § 3113.31."
 {¶ 4} In both his assignments of error, Appellant asserts that the trial court erred in issuing a civil protection order against him. Specifically, Appellant argues that the trial court did not grant him the opportunity to object to the magistrate's opinion and the trial court's decision was not supported by the evidence. This Court finds that Appellant's assignments of error lack merit.
 {¶ 5} Civ.R. 53(E)(3)(a) provides in part as follows:
"A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether thecourt has adopted the decision pursuant to Civ.R. 53(E)(4)(c)." (Emphasis added.)
Additionally, Civ.R. 53(E)(3)(d) states:
"A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 6} Appellant failed to object to the magistrate's findings of fact which were attached and incorporated into the magistrate's decision. As noted above, Civ.R. 53 does not preclude these objections simply because the trial court has immediately adopted the magistrate's opinion. To the contrary, Civ.R. 53(E)(4)(c) provides that timely objections will operate to stay a judgment that has been adopted by the trial court.
 {¶ 7} Appellant has also argued that the trial court erred in adopting the magistrate's decision because the magistrate failed to include the language required by Civ.R. 53(E)(2) notifying Appellant that he would waive any error that he did not contest through objection. However, trial courts will not be reversed for failing to comply with Civ.R. 53 unless the alleged error has merit and has prejudiced Appellant. In re Estate ofHughes (1994), 94 Ohio App.3d 551, 554. In analyzing whether Appellant has been prejudiced, this Court must examine whether the violation prevented Appellant from filing objections and whether the trial court was able to conduct an independent review of the magistrate's decision. Id. at 555; Erb v. Erb (1989), 65 Ohio App.3d 507, 510. At no time has Appellant asserted that he was unaware of the filing deadline for objections. Further, the magistrate's opinion included two pages of findings of fact and conclusions of law. As such, the trial court was given the opportunity to independently review these findings. The magistrate's error, therefore, in failing to include the notice language of Civ.R. 53(E)(2), did not prejudice Appellant. Accord PerformanceConstr. Inc. v. Carter Lumber Co., 3d Dist. No. 5-04-28, 2005-Ohio-151, at ¶¶ 13-18.
 {¶ 8} As such, Appellant has waived any error in the trial court's adoption of the magistrate's decision by failing to object to the magistrate's findings in a timely manner. Civ.R. 53(E)(3)(d). Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 9} Appellant's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. concur.