JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Michael S. Sudman Trust ("Sudman") appeals from the judgment of the Cleveland Municipal Court, Cuyahoga County, Housing Division, which dismissed his claims against defendant-appellee Lenwood McIntosh, Jr. ("McIntosh") and entered judgment in favor of McIntosh in the amount of $4,500. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record reveals the following facts: Sudman and McIntosh entered into a commercial lease agreement on March 29, 2001. On July 25, 2003, Sudman filed a forcible entry and detainer action against McIntosh in Cleveland Municipal Court. On September 30, 2003, McIntosh filed an answer and counterclaim alleging that he was entitled to a return of his security deposit of $4,500.
 {¶ 3} Trial of the matter was held before a magistrate on June 3, 2004. There is no transcript of those proceedings included in the record. On August 4, 2004, the magistrate issued her decision recommending that Sudman's claim for nonpayment of rent and late charges be denied and McIntosh's claim for the return of his security deposit be granted. On the same date that the magistrate filed her decision, the trial court adopted the decision. Sudman filed no objections to the magistrate's decision, but instead filed this appeal with three assignments of error. However, pursuant to Civ.R. 53(E)(3)(d), this Court is precluded from addressing these assignments of error on the merits.
 {¶ 4} Civ.R. 53(E)(3)(d) provides, in pertinent part, that: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." We have followed this rule in the past. See, e.g., D.J.L. Inc., DBA Country Lakes Party Center v. StacyClark, et al. (June 1, 2000), Cuyahoga App. No. 76820; City of EastCleveland v. Echols (Dec. 2, 1999), Cuyahoga App. No. 74941.
 {¶ 5} Sudman argues that his failure to object to the magistrate's decision should not constitute a "waiver" of his errors since the trial court approved and confirmed the magistrate's recommendation on the same day that the recommendation was filed. We disagree. Pursuant to Civ.R. 53(E)(4)(c), the trial court was empowered to immediately adopt its magistrate's decision. Specifically, Civ.R. 53(E)(4)(c) provides that a trial court "may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties" and that timely objections will operate to stay a judgment that has been adopted by the trial court.[1] We have recently followed this rule. See, e.g., KMEConsulting, L.L.C. v. Yager, dba Y Architects (Dec. 9, 2004), Cuyahoga App. No. 84417, 2004-Ohio-6650. See, also, Duganitz v. Ohio Adult ParoleAuthority et al. (2001), 92 Ohio St.3d 556, 557; Zaryki v. Breen (March 30, 2005), Summit App. No. 22161, 2005-Ohio-1460.
 {¶ 6} We conclude that Sudman had 14 days from the issuance of the August 4, 2004 entry to object to the magistrate's findings; because he failed to do so, we are unable to reach the merits of the case. Id.;State ex rel. Wilson v. Industrial Commission (2003), 100 Ohio St.3d 23,2003-Ohio-4832. Accordingly, Sudman's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and McMonagle, j., Concur.
[1] See, also, Civ.R. 53(E)(3)(a) which provides that "a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted thedecision pursuant to Civ.R. 53(E)(4)(c)." (Emphasis added.)