DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Keith Dunlavy has appealed the decision of the Cuyahoga Falls Municipal Court that granted summary judgment to Defendant-Appellee Twinsburg City School District Board of Education. This Court affirms.
 I {¶ 2} On August 31, 2004, Plaintiff-Appellant Keith Dunlavy, as Executor of the estate of Laurence T. Dunlavy, filed a complaint in Cuyahoga Falls Municipal Court against Defendant-Appellee Twinsburg City School District Board of Education. Appellant's wife, Laurence, was an employee of the Twinsburg schools when she drowned in a non-work related swimming accident. Appellant sued Appellee to receive his wife's "sick leave" severance benefit for payment of unused sick time. On January 6, 2005, Appellant filed a motion for summary judgment. On February 1, 2005, Appellee filed its motion for summary judgment and a memorandum in opposition to Appellant's motion for summary judgment.
 {¶ 3} On March 22, 2005, the magistrate issued its opinion recommending that Appellee be granted summary judgment and that Appellant be denied summary judgment. On April 6, 2005, Appellant filed his objections to the magistrate's decision. On April 12, 2005, Appellee filed a motion to strike the Appellant's objections because they were untimely.
 {¶ 4} On April 13, 2005, the trial court issued a decision granting Appellee's motion to strike Appellant's objections to the magistrate's decision. The trial court agreed that Appellant's objections were untimely under Civ.R. 53 and adopted and approved the magistrate's decision. The trial court then granted Appellee's motion for summary judgment and denied Appellant's motion for summary judgment.
 {¶ 5} Appellant has timely appealed, asserting four assignments of error, which have been consolidated for ease of discussion.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] REQUESTED MOTION FOR SUMMARY JUDGMENT, DISMISSING THIS MATTER IN FAVOR OF A GRIEVANCE AND ARBITRATION PROVISION, AS [APPELLANT] WAS NOT SUBJECT TO THAT PROVISION."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] REQUESTED DISMISSAL BY MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE CLAIM SHOULD HAVE BEEN SUBMITTED TO GRIEVANCE AND ARBITRATION PROVISION, AS THE COURT SHOULD HAVE STAYED THE PROCEEDINGS AND ORDERED THIS MATTER TO ARBITRATION ONCE [APPELLANT] REQUESTED THAT THIS BE DONE."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT TO [APPELLANT], AND GRANTING IT TO APPELLEE * * *, WHERE APPELLEE * * *, AS AUTHOR OF THE COLLECTIVE BARGAINING AGREEMENT IN QUESTION, FAILED TO INCORPORATE A CRUCIAL DEFINITION IT IDENTIFIED, AND WHERE THE FACTS SUPPORTED JUDGMENT IN FAVOR OF APPELLANT[.]"
 Assignment of Error Number Four
"HAVING RULED THAT THIS MATTER WAS TO PROCEED TO ARBITRATION, AND THEREBY SURRENDERED SUBJECT MATTER JURISDICTION, THE TRIAL COURT ERRED IN THEN CONSIDERING THE MERITS OF THIS MATTER AND GRANTING [APPELLEE'S] MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT THE CLAIM SHOULD HAVE BEEN SUBMITTED TO GRIEVANCE AND ARBITRATION PROVISION, AS THE COURT SHOULD HAVE STAYED THE PROCEEDINGS AND ORDERED THIS MATTER TO ARBITRATION ONCE APPELLANT * * * REQUESTED THAT THIS BE DONE."
 {¶ 6} In his four assignments of error, Appellant has argued that the trial court erred in granting summary judgment as recommended by the magistrate. Appellee has argued that Appellant has attempted to raise arguments not raised below because Appellant's objections to the magistrate's decision were stricken from the record. We agree.
 {¶ 7} Pursuant to Civ.R. 53(E)(3)(a): "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4)(c)." Civ.R. 53(E)(3)(d), waiver of right to assign adoption by court as error on appeal, further provides: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 8} As previously discussed, the magistrate's decision was issued on March 22, 2005. Pursuant to Civ.R. 53(E)(3)(a) Appellant had until April 5, 2005 to file objections to the decision. Appellant, however, filed his objections on April 6, 2005, 15 days after the magistrate's decision was filed. As stated above, Appellee's motion to strike Appellant's objections as untimely was granted; thus, Appellant's objections are not considered part of the record of this case. Accordingly, because Appellant failed to object to the magistrate's decision he has waived any error below. Civ.R. 53(E)(3)(d). See State ex. rel. Wilson v. Indus.Comm., 100 Ohio St.3d 23, 2003-Ohio-4832; State ex. rel. Schmidt v.School Emp. Retirement Sys., 100 Ohio St.3d 317, 2003-Ohio-6086; Zarykiv. Breen, 9th Dist. No. 22161, 2005-Ohio-1460.
 {¶ 9} Based on the foregoing, Appellant's four assignments of error are not well taken.
 III {¶ 10} Appellant's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.