DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Dorothy and Anthony Ford (collectively "Fords"), appeal the judgment of the Summit County Court of Common Pleas, which granted judgment to Appellee, Lillie Gooden. We reverse and remand.
 {¶ 2} The Fords filed a complaint on June 15, 2004, in the Summit County Court of Common Pleas, for one count of negligence and one count of loss of consortium. In their complaint, the Fords claim that Gooden negligently pulled out of a driveway, failed to yield the right of way to Dorothy Ford, and subsequently caused a collision between their vehicles on April 15, 2003. The Fords requested compensatory damages for $25,000 and asked for a jury trial.
 {¶ 3} A pre-trial conference was held on October 15, 2004, and an initial trial date was set for February 2005. The trial court granted a continuance and a new trial date for June 13, 2005, was set. Both parties stipulated the case would be tried to a jury with Magistrate John Shoemaker presiding. An additional pre-trial hearing was held before the commencement of the trial, at which time the Magistrate made several evidentiary rulings. On June 14, 2005, the jury returned a verdict in favor of Gooden.
 {¶ 4} An unsigned document entitled "Final Judgment Entry" was filed with the trial court on June 17, 2005. The Fords state that this unsigned document was served upon them. A second "Final Judgment Entry" was also filed with the trial court on June 17, 2006; however, this document bears the signature of someone other than the trial judge listed on the document.
 {¶ 5} On July 11, 2005, the Fords filed a Motion to Stay with this Court because the trial court had not ruled on the Fords' objections and motions they filed July 8, 2005. This Court denied the Fords' Motion for Stay on July 18, 2005, stating, "The trial court executed the order appealed on June 17, 2005." On July 27, 2005, the Fords filed their Motion for Reconsideration with this Court regarding the previously-denied Motion to Stay, stating they were never served with a final appealable order as required by Civ.R. 58(A). This Court denied this motion on August 5, 2005.
 {¶ 6} The Fords assert three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"Appellants' Constitutional Rights to Due Process have been violated by the Magistrate and referring Trial Court because Appellants never received Notice of the Magistrate's decision/report pursuant to the Civil Rules, a properly executed corresponding Final Judgment Entry, and were not permitted an opportunity to formulate a complete record of the trial proceedings pursuant to App.R. 9(C)."
 {¶ 7} In their first assignment of error, the Fords contend that the trial court erred when it failed to follow proper procedure regarding the filing of the magistrate's decision and final judgment entry. We agree.
 {¶ 8} A trial court's decision whether or not to adopt the decision of a magistrate is reviewed by this Court under the abuse of discretion standard of review. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093, at 5. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} As discussed above, a magistrate's decision was not filed following the conclusion of the jury trial. This Court then considered the questions of whether or not a magistrate has to file a report in accordance with a jury verdict, and, consequently, whether or not a trial court can journalize a jury's verdict without a magistrate's report. We conclude that the requirements of Civ.R. 53 mandate that a magistrate must file a report at the conclusion of a referred matter, even when a jury verdict is present, in order for the trial court to perform its duty of undertaking an independent analysis of the decision.
 {¶ 10} Civ.R. 53(C) provides for the referral of certain disputes to magistrates, including matters tried before a jury when both parties have provided unanimous written consent. Civ.R. 53(C)(1)(iii). Civ.R. 53(E)(1) states:
"The magistrate promptly shall conduct all proceedings necessary for decision of referred matters. The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys."
 {¶ 11} Civ.R. 53(E)(3)(a) continues:
"A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4)(c). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law."
 {¶ 12} The basic procedure following a magistrate presiding over a jury trial was briefly described in Koberstein v.Richland Lumber, Inc., 5th Dist. No. 03-CA-110, 2004-Ohio-5291, at ¶ 18.
"The Magistrate, in a proposed decision filed August 8, 2002, recommended that, in accordance with the jury verdict, judgment be rendered against appellants and in favor of appellee. After no timely objections or requests for an extension of time within which to file objections were filed, the trial court, pursuant to a Judgment filed on September 9, 2002, adopted the Magistrate's proposed decision and entered judgment in favor of appellee." Id.
This Court previously addressed the issue of a trial court entering a judgment without having a magistrate's decision to review in Erb v. Erb (1989), 65 Ohio App.3d 507.
"This rule contemplates a report which includes a statement of the basis of the [magistrate's] findings and recommendations in order that the trial court can make its own independent analysis of the report's validity. If there is no report, the trial court cannot adopt the recommendation as an order of the court since there is a lack of information upon which an independent analysis of questions of law raised by the controversy can be based." Id. at 509-510.
 {¶ 13} In Performance Const. v. Carter Lumber Co., 3d Dist. No. 5-04-28, 2005-Ohio-151, the Third District Court of Appeals summarized the issue of a magistrate's failure to file a report, when it stated:
"The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. (Internal citations omitted.) `The clear import of Civ.R. 53(E) is to provide litigants with a meaningful opportunity to register objections to the [magistrate's] report and the failure to provide such an opportunity to object is prejudicial error.' (Emphasis omitted.) In re Estate of Hughes,94 Ohio App.3d at 555, citing Pinkerson v. Pinkerson (1982),7 Ohio App.3d 319, syllabus." Id. at ¶ 15.
Therefore, under Civ.R. 53(E), the magistrate should have prepared and filed a decision for the trial court to review prior to the trial court entering a final judgment, thus allowing the Fords to file timely objections for the trial court to review and then enter its final judgment. Failing to follow Civ.R. 53 resulted in prejudicial error to the Fords.
 {¶ 14} This Court notes that the Fords also raise the argument that there was a problem with the trial court's final judgment entry, specifically regarding the signature, pursuant to Civ.R. 58. We recognize that there were two final judgment entries bearing identical time stamps from the Clerk's office; however, one entry was unsigned and the other entry was signed by someone other than the trial judge. However, we decline to address the merits of this argument, as our reversal and remand of this case to the trial court in order for a magistrate's decision to be prepared and filed renders this argument as moot.
 {¶ 15} The Fords' first assignment of error is sustained and we reverse and remand this matter to the trial court for the magistrate to prepare and file a decision in accordance with Civ.R. 53(E), giving the Fords an opportunity to file timely objections to that report, and permitting the trial court to conduct an independent analysis of the decision and enter a final judgment.
 ASSIGNMENT OF ERROR II
"The Trial Court abused its discretion by limiting the Jury Instructions to include only a red/green light issue, whereas the case was about negligence, which included other factors."
 ASSIGNMENT OF ERROR III
"The Trial Court abused its discretion by not permitting Appellants to utilize certain substantive and demonstrative evidence including photographs and a Power Point presentation of the case."
 {¶ 16} Our disposition of Assignment of Error I renders the second and third Assignments of Error moot, and we decline to address them. See App.R. 12(A)(1)(c).
 {¶ 17} The judgment of the Summit County Court of Common Pleas is reversed and this case is remanded for further action consistent with these proceedings.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Carr, J., Boyle, J., Concur.