DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Glenn Bayless, appeals the judgment of the Lorain County Court of Common Pleas, Juvenile Division,[1]
which affirmed the magistrate's decision finding a 1983 compromise agreement between appellant and Barbara Knapp[2]
unenforceable as to appellee, John Knapp. This Court affirms.
 I. {¶ 2} Appellee was born on October 12, 1979 to Barbara Knapp. In 1982, Ms. Knapp filed a complaint for paternity, naming appellant as the defendant. Appellee was also a plaintiff, "By Barbara M. Knapp Mother and Next of Friend." On December 29, 1983, Ms. Knapp and appellant signed a compromise agreement, wherein Ms. Knapp agreed to accept $2,000.00 in full satisfaction of all claims that she and appellee may have against appellant arising out of the controversy and complaint. She further agreed to petition the court to approve the agreement and "to dismiss with prejudice as to all party plaintiffs in said complaint." Counsel for Ms. Knapp and appellant both signed the agreement as witnesses. The agreement further stated that "Gustalo Nunez, Attorney-at-Law, has been appointed Guardian Ad Litem for the minor child, John Andrew Knapp, in said proceeding[.]" Mr. Nunez signed the compromise agreement under the notation "APPROVED AS TO FORM: GUSTALO NUNEZ, Guardian Ad Litem[.]"
 {¶ 3} On December 30, 1983, the Lorain County Juvenile Court issued a judgment entry, which stated in its entirety:
"This matter came before the Court by agreement of the parties; plaintiff Barbara M. Knapp and defendant Glenn Bayless having reached a compromise agreement; Gustalo Nunez, Attorney-at-Law, having been appointed Guardian Ad Litem for the minor John Andrew Knapp in the herein proceedings and having been advised of the premises;
"The Court hereby pursuant to O.R.C. Section 3111.19 approves said compromise agreement and further orders that the complaint in the herein matter be dismissed with prejudice as to all party plaintiffs, the defendant shall pay the fee of the Guardian Ad Litem and the costs of the proceedings."
No parentage determination was made in the 1982 case.
 {¶ 4} On July 15, 2002, when appellee was twenty-two years old, he filed a complaint to establish parentage, naming appellant as his father, and praying for an order of retroactive child support. Appellee attached an administrative order, signed on May 12, 2000, which established paternity through genetic testing. Appellant answered, raising seven affirmative defenses and praying for dismissal of appellee's complaint. On September 7, 2002, appellant filed a third-party complaint against Barbara Knapp, praying for judgment against her for all sums that may be adjudged against him in favor of appellee.
 {¶ 5} On October 30, 2002, appellant filed a motion for summary judgment, arguing that appellee cannot prevail on his complaint on the bases of res judicata and accord and satisfaction, and because appellee was adequately represented in relation to the 1983 compromise agreement. Appellee filed a brief in opposition. On December 18, 2002, the trial court denied appellant's motion for summary judgment without analysis.
 {¶ 6} The matter was heard before the magistrate on May 13, 2003. On May 30, 2003, appellant filed a "supplemental brief (post evidentiary hearing), motion to strike certain testimony, renewal of [appellant's] motion for summary judgment, and, motion to dismiss as res judicata[.]" On December 1, 2003, appellant filed another motion to dismiss.
 {¶ 7} On March 17, 2004, the magistrate issued a decision on appellee's complaint to establish parentage. The magistrate denied all of appellant's above-referenced motions. The magistrate found that there was no evidence to indicate that the trial court in 1983 considered the interests of the child, deviations in support orders or the probability of establishing the existence of a parent-child relationship in a trial when it approved the 1983 compromise agreement. Accordingly, the magistrate found that appellee's rights had not been protected, so that the 1983 compromise agreement does not bar appellee's claims to establish paternity and support. The magistrate found that appellant has a duty to support appellee from October 12, 1979 until June 1, 1998, in the amount of $96,290.11, less the $2,000.00 paid to Barbara Knapp under the compromise agreement. Accordingly, the magistrate ordered that appellant shall make monthly payments towards his child support arrearage in the amount of $892.51 per month, including processing fee. Appellant timely filed objections to the magistrate's decision.
 {¶ 8} Appellee filed a brief in opposition to appellant's objections. The trial court heard the matter on May 18, 2005. On August 23, 2005, the trial court issued a judgment entry in which it affirmed the magistrate's decision. The trial court ordered that the 1983 compromise agreement is unenforceable against appellee and that appellant owes an obligation of child support to appellee in the amount of $93,790.11.[3] The trial court ordered appellant to pay the arrearage on his child support obligation in the amount of $892.51 per month, including processing fee. Appellant timely appeals, setting forth two assignments of error for review. Because they implicate overlapping issues, this Court addresses the assignments of error together.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN VIOLATION OF CIV.R. 56, WHEN IT DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT, WHERE THERE WERE NO GENUINE ISSUES OF MATERIAL FACT, AND APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION, WHEN IT ADOPTED AND AFFIRMED THE MAGISTRATE'S DECISION FINDING A PRIOR COMPROMISE AGREEMENT AND JUDGMENT ENTRY ENTERED PURSUANT TO [R.C.] 3119.19 WAS UNENFORCEABLE AGAINST [APPELLEE], WHERE [APPELLEE] WAS A PARTY TO THE PRIOR PROCEEDING, WAS REPRESENTED BY A GUARDIAN AD LITEM WHO WAS AN ATTORNEY AT LAW, AND WHERE THE COMPROMISE AGREEMENT AND JUDGMENT ENTRY SIGNED BY THE GUARDIAN AD LITEM, SPECIFICALLY STATED THAT THE PRIOR PROCEEDING WAS DISMISSED WITH PREJUDICE AS TO ALL PARTY PLAINTIFFS."
 {¶ 9} Appellant argues that the trial court erred by failing to enter summary judgment in his favor on appellee's complaint on the basis of res judicata. In addition, appellant argues that the trial court erred by adopting the magistrate's decision finding in favor of appellee on his complaint and finding that the 1983 compromise agreement is not enforceable as to appellee. Appellant further argues that appellee's claim constituted an improper collateral attack on the judgment arising out of the 1983 compromise agreement. This Court disagrees.
 {¶ 10} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 12} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 13} Appellant argues that summary judgment in his favor was improperly denied, because the trial court could not enter judgment in favor of appellee on the complaint to establish parentage and order back child support for a now-adult child, where appellee's mother compromised her claim for child support for appellee's benefit and purportedly compromised appellee's claim as well. This Court disagrees.
 {¶ 14} The Ohio Supreme Court held that "a juvenile court has jurisdiction to award retroactive child support payments to an adult emancipated child if a parentage action is filed prior to the child's 23d birthday." Carnes v. Kemp, 104 Ohio St.3d 629,2004-Ohio-7107, at ¶ 18. Appellant filed his complaint when he was 22 years old. R.C. 3111.04(A) expressly grants a child an independent right to seek a determination of a father and child relationship. See, also Ransome v. Lampman (1995),103 Ohio App.3d 8, 17. R.C. 3111.04(B) states that "[a]n agreement does not bar an action under this section." In addition, the Ohio Supreme Court has stated, "An unmarried mother's dismissal of her action under R.C. Chapter 3111 with prejudice is not a bar to her minor child's separate common law action for support and maintenance from his putative father." Johnson v. Norman
(1981), 66 Ohio St.2d 186, paragraph three of the syllabus. Furthermore, because a mother and child maintain separate claims, privity of interests does not generally arise from the mere mother and child relationship. Id. at 190. Accordingly, unless appellant can establish that appellee's and Ms. Knapp's rights were identical, or that appellee's rights were independently and adequately represented in the 1983 action, appellant cannot prevail on appellee's complaint on the basis of res judicata.
 {¶ 15} This Court has said that "[t]he doctrine of res judicata provides that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 22, quoting Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Further, "[p]roper application of the doctrine of res judicata requires that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties, in which the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim."Business Data Systems, Inc. v. Figetakis, 9th Dist. No. 22783,2006-Ohio-1036, at ¶ 11, quoting Brown v. Vaniman (Aug. 20, 1999), 2d Dist. No. 17503. Accordingly, if appellee did not have a full and fair opportunity to litigate the claim which was resolved by the 1983 compromise agreement, then he would not be barred by the doctrine of res judicata in pursuing his own claim.
 {¶ 16} This Court first addresses the identity of Ms. Knapp's and appellee's interests in a parentage action. Ms. Knapp maintained an interest in receiving support for the benefit of appellee during the period of his minority. The Second District Court of Appeals, in reliance on a case out of the Supreme Court of Nevada, recognized the divergent interests of a mother and child:
"`A minor child, however, has legal interests that flow from a determination of paternity beyond the right to collect support. Such interests include the right to prosecute an action for wrongful death, a claim under a workmen's compensation act and the right to an inheritance. * * * In addition, there is a real dignitary and psychological interest held by the child in being free to ascertain his or her heritage and lineage. For these reasons, we conclude that a minor child is not barred from instituting a later action to determine paternity when a prior action brought in his name has reached judgment through a stipulated agreement.'" Ransome, 103 Ohio App.3d at 18-19, quoting Willerton v. Bassham (1995), 111 Nev. 10, 889 P.2d 823.
This Court finds that appellee maintains the same divergent interests, so that he and Ms. Knapp were not in privity at the time she executed the 1983 compromise agreement. Accordingly, before appellee could be bound by the terms of that agreement under the doctrine of res judicata, he must have been accorded due process, including the adequate representation of his interests.
 {¶ 17} R.C. 3111.07, as it read in 1983, identified the proper parties to an action brought pursuant to R.C. Chapter 3111 and required that "[s]eparate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother." Here, the trial court did not appoint separate counsel for appellee in the 1982 case notwithstanding the divergent interests of appellee and Ms. Knapp.
 {¶ 18} R.C. 3111.19, as it read in 1983, addressed agreements by parties to an action pursuant to R.C. Chapter 3111, and read:
"After an action has been brought and before judgment, the alleged father and the mother may, subject to the approval of the court, compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child. In reviewing the obligation undertaken by the alleged parent, the court shall consider the interest of the child, the factors set forth in division (E) of section 3111.13
of the Revised Code, and the probability of establishing the existence of a parent and child relationship in a trial."
 {¶ 19} While the trial court in 1983 failed to appoint separate counsel for appellee, that court did appoint a guardian ad litem to represent the best interests of the child. While the guardian ad litem was an attorney, there is nothing to indicate that he was appointed to represent appellee within that capacity.
 {¶ 20} There is further nothing in the record to indicate that appellee's best interests were determined or considered, as required by R.C. 3111.19. Both appellant and Ms. Knapp testified during a hearing on May 13, 2003, that the guardian ad litem never met with either to discuss the case, the child or his best interests. In addition, Ms. Knapp testified that, when she signed the 1983 compromise agreement, the guardian ad litem had not signed the document.
 {¶ 21} While both appellant and Ms. Knapp signed the compromise agreement in substance, appellee's guardian ad litem signed only to indicate his approval as to form. Furthermore, in the judgment entry approving the compromise agreement, while the trial court asserted that appellant and Ms. Knapp had reached an agreement, it asserted only that appellee's guardian ad litem had been "advised of the premises[.]" While the court was required to consider the interest of the child prior to approving any compromise agreement pursuant to R.C. 3111.19, the December 30, 1983 judgment entry expressly states only that the guardian ad litem was "advised of the premises" and not that the court inquired of him or that he enunciated any opinion as to appellee's best interest. Under these circumstances, this Court finds that appellee's interests were neither determined nor considered and his rights were not adequately protected, so that he did not have a full and fair opportunity to litigate the issues pending before the juvenile court in 1983. Because appellant was not accorded his due process rights in regard to the 1983 compromise agreement, his instant claims could not be barred by the doctrine of res judicata. Further, the lack of due process accorded to appellee in the 1982 case made the judgment ripe for his collateral attack. Based on the above reasoning, appellant did not meet his burden under Dresher to show that no genuine issue of material fact existed so that he was entitled to judgment as a matter of law. Therefore, this Court finds that the trial court did not err by failing to grant summary judgment in favor of appellant on appellee's complaint to establish parentage and order retroactive child support.
 {¶ 22} This Court reviews the trial court's decision whether or not to adopt the magistrate's decision under an abuse of discretion standard of review. Ford v. Gooden, 9th Dist. No. 22764, 2006-Ohio-1907, at ¶ 8, citing Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Ford at ¶ 8, citing Mealey. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 23} This Court takes well appellee's argument that R.C.3111.19, as it read in 1983, expressly allowed only the alleged father and the mother to compromise the action. There was no provision to allow the child or his representative to compromise the claim. In addition, the trial court was required to have considered appellee's interest in reviewing appellant's obligation prior to approving the compromise agreement. All evidence indicates that the guardian ad litem made no inquiry regarding appellee's interest, and the trial court asserted only that appellee's guardian ad litem had merely been "advised of the premises[,]" and not that he agreed that the compromise agreement was in the best interest of the child.
 {¶ 24} R.C. 3111.04(A) expressly grants a child an independent right to seek a determination of a father and child relationship. The Ohio Supreme Court has recognized the juvenile court's jurisdiction to award retroactive child support to an adult child who initiates a parentage action prior to his twenty-third birthday. Carnes at ¶ 18. As this Court has already found that appellee was not adequately represented in regard to the 1983 compromise agreement arising out of the 1982 juvenile court case, appellee did not have a full and fair opportunity to litigate the issues arising out of that case. Accordingly, the trial court did not abuse its discretion by adopting the magistrate's decision and ordering that the 1983 compromise agreement was not enforceable as to appellee. Appellant's first and second assignments of error are overruled.
 III. {¶ 25} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. concur.
[1] While the judgment entry was captioned as having been issued out of the Domestic Relations Division, the time stamp on the judgment entry indicates filing in the Juvenile Division. Both the complaint and the magistrate's decision bear Juvenile Division captions.
[2] Barbara Knapp is appellee's mother. Appellant raises no issues in his appeal in regard to Ms. Knapp.
[3] This Court notes the discrepancy between the magistrate's calculation of support and the trial court's calculation.