DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Mercedes-Benz USA, LLC, appeals the judgment of the Summit County Court of Common Pleas, which purportedly entered judgment against appellant after a jury trial. This Court reverses and remands.
 I. {¶ 2} Appellee, Thomas Ulrich, filed a complaint against appellant regarding a Mercedes-Benz automobile, alleging two counts of breach of warranty under the Magnuson-Moss Warranty Act, and one count alleging a violation of *Page 2 
Ohio's lemon law pursuant to R.C. 1345.72.[1] Appellant answered, generally denying the allegations. Appellant filed a motion for summary judgment, and appellee filed a motion for partial summary judgment, solely on the lemon law claim. The trial court granted appellee's motion for partial summary judgment, finding the vehicle to be a lemon as a matter of law, and entered judgment in favor of appellee in the amount of $155,675.53. The trial court further scheduled the remaining two breach of warranty claims for trial. Appellee, however, dismissed the remaining two counts without prejudice.
 {¶ 3} Appellant appealed from the trial court's judgment, and appellee filed a cross-appeal. This Court reversed and remanded the matter to the trial court for further proceedings. Ulrich v. Mercedes-Benz USA,LLC, 9th Dist. No. 22224, 2005-Ohio-1461. Upon remand, the matter was assigned to the magistrate.
 {¶ 4} The parties agreed to allow the matter to go to a jury trial with the magistrate presiding. At the conclusion of trial, the jury entered a verdict in favor of appellee, awarding damages in the amount of $160,000.00. On October 28, 2005, the trial court issued a "Judgment Entry on Jury's Verdict," which was signed by both the magistrate and the trial court judge. The judgment entry *Page 3 
contains no language as required by Civ.R. 53(E)(2), "indicat[ing] conspicuously that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53(E)(3)." The record further indicates that the magistrate did not file a magistrate's decision regarding the jury's verdict.
 {¶ 5} In its judgment entry, the trial court stated that judgment on appellee's request for attorney fees would be entered after a hearing on that issue.
 {¶ 6} Appellant filed a notice of appeal from the trial court's judgment. This Court dismissed the appeal by journal entry for lack of a final, appealable order. Ulrich v. Mercedes-Benz USA, LLC (Jan. 4, 2006), 9th Dist. No. 22970.
 {¶ 7} The magistrate held a hearing on the issue of attorney fees. On June 29, 2006, the magistrate issued a decision in which he awarded attorney fees to appellee in the amount of $230,370.09. Appellant filed objections to this decision of the magistrate. Appellant also filed a motion for a new trial. On August 8, 2006, the magistrate issued a decision, denying the motion for new trial. On August 9, 2006, the magistrate issued a nunc pro tunc order, in which the magistrate ordered that the caption of the August 8, 2006 entry be corrected to read: "`ORDER' and not MAGISTRATE'S DECISION."
 {¶ 8} On August 28, 2006, the magistrate issued a decision on the jury verdict, in which he recommended that the trial court enter judgment in favor of *Page 4 
appellee in the amount of $160,000.00. This decision did not contain any language as required by newly-effective Civ.R. 53(D)(3)(a)(iii), "indicat[ing] conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, * * * unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."
 {¶ 9} On September 6, 2006, appellant filed a notice of appeal. On October 20, 2006, this Court dismissed the appeal by journal entry for lack of jurisdiction. Ulrich v. Mercedes-Benz USA, LLL (Oct. 20, 2006), 9th Dist. No. 23401.
 {¶ 10} On December 1, 2006, the trial court issued a judgment order, ruling on appellant's objections to the magistrate's decision regarding the award of attorney fees to appellee. The trial court overruled appellant's objections, noted that appellant had not objected to the judgment awarding compensatory damages to appellee, and entered judgment in favor of appellee in the amount of $160,000.00 for compensatory damages and $230,370.09 for attorney fees. Appellant timely appeals, raising four assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING MBUSA'S MOTION FOR DIRECTED VERDICT AND IN ENTERING THE JURY'S VERDICT IN APPELLEE'S FAVOR, BECAUSE HE PRESENTED NO OBJECTIVE EVIDENCE THAT HIS VEHICLE *Page 5 
CONTAINED ANY DEFECT CONSTITUTING A NONCONFORMITY AS REQUIRED BY [R.C.] 1345.71 AND 1345.72."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT PERMITTED APPELLEE TO ADD A COMMON-LAW BREACH OF WARRANTY CLAIM TO HIS COMPLAINT AT THE TIME OF TRIAL, WHERE HE HAD MADE NO SUCH CLAIM IN HIS ORIGINAL COMPLAINT OR ANY AMENDED COMPLAINT, AND HE HAD FAILED TO REINSTATE TWO PREVIOUSLY-DISMISSED STATUTORY BREACH OF WARRANTY CLAIMS DESPITE NUMEROUS INQUIRIES FROM MBUSA."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT DENIED MBUSA'S MOTION FOR A NEW TRIAL."
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE $230,370.09 IN ATTORNEYS' FEES AND COSTS."
 {¶ 11} In response to appellant's assignments of error, appellee asserts that appellant has waived these issues on appeal, because it failed to object to the magistrate's decision. Appellant replies that it has not waived any assignments of error pursuant to Civ.R. 53 because the October 28, 2005 judgment entry on the jury's verdict was signed by both the magistrate and judge and lacked any Civ.R. 53 language, thereby precluding any opportunity by appellant to object. In addition, the August 28, 2006 magistrate's decision on the jury verdict failed to meet the requirements of Civ.R. 53(D)(3)(a)(iii), thereby precluding opportunity *Page 6 
for objection. In reliance upon our decision in Ford v. Gooden, 9th Dist. No. 22764, 2006-Ohio-1907, appellant urges this Court to remand this matter to the trial court with direction that appellant be provided fourteen days in which to file objections to the magistrate's decision. This Court agrees, and to maintain consistency with prior precedent, we reverse and remand.
 {¶ 12} Then-effective Civ.R. 53(C)(1)(a)(iii), applicable to the October 28, 2005 entry, (now Civ.R. 53(C)(1)(c), applicable to the August 28, 2006 magistrate's decision) provides authority for the referral to magistrates of matters tried before a jury upon the unanimous written consent of the parties. See, also, now-effective Civ.R. 53(D)(1)(a). Pursuant to former Civ.R. 53(E)(1), "[t]he magistrate shall prepare, sign and file a magistrate's decision of the referred matter with the clerk * * *." Pursuant to now-effective Civ.R. 53(D)(3)(a)(i), "a magistrate shall prepare a magistrate's decision, respecting any matter referred under Civ.R. 53(D)(1)." Current Civ.R. 53(D)(3)(a)(iii) further provides:
 "A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."
Prior Civ.R. 53(E)(1)/(2) provides substantially the same thing.
 {¶ 13} In regard to a magistrate's failure to file a report, this Court stated: *Page 7 
 "The case law discussing prejudice based upon a trial court's violation of Civ.R. 53 focuses on two issues: (1) whether the violation prevented the appellant the opportunity of filing objections to the magistrate's decision; and (2) whether the trial court was able to conduct an independent analysis of the magistrate's decision. The clear import of Civ.R. 53(E) [current Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's] report and the failure to provide such an opportunity to object is prejudicial error." (Internal quotations and citations omitted.) Ford at ¶ 13, quoting Performance Constr. v. Carter Lumber Co., 3d Dist. No. 5-04-28, 2005-Ohio-151 at ¶ 15.
 {¶ 14} In this case, therefore, under then-effective Civ.R. 53(E), the magistrate should have prepared and filed a decision for the trial court to review prior to the trial court's entering judgment on the jury's verdict on October 28, 2005. Appellant thereby would have had the opportunity to file timely objections for the trial court to review and then enter its final judgment. As in Ford, failure to follow the mandates of Civ.R. 53 resulted in prejudicial error to appellant.
 {¶ 15} Moreover, under now-effective Civ.R. 53(D), the magistrate should have conspicuously indicated in its August 28, 2006 decision that no party shall assign as error on appeal the trial court's adoption of any factual finding or conclusion of law unless that party first timely objects to such. Appellant thereby would have had the opportunity to file timely objections for the trial court's review and subsequent entering of final judgment. Again, the failure to follow the mandates of Civ.R. 53 resulted in prejudicial error to appellant.
 {¶ 16} Based on the above reasoning, this Court reverses and remands the matter to the trial court for the magistrate to prepare and file a decision in *Page 8 
accordance with Civ.R. 53, giving appellant an opportunity to file timely objections to that decision, and permitting the trial court to conduct an independent analysis of the decision and enter its final judgment. As our decision renders appellant's assignments of error moot, we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 17} The judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 9 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
SLABY, P. J. WHITMORE, J. CONCUR
[1] This Court creates this procedural history in large part from the clerk of court's docket and journal entries attached to the parties' briefs, because a significant number of documents have not been transferred to this Court with the record. The appellate clerk appended a note to the file, which states in pertinent part, "Most documents could not be found in file room. If you need a document printed out, please let us know." *Page 1