[Cite as *Third Fed. S. & L. Assn. v. Haupt*, 2014-Ohio-348.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

THIRD FEDERAL SAVINGS & LOAN
ASSN.

     Appellee

     v.

JOHN HAUPT, et al.

     Defendants

IRENE JARMOSZUK-HAUPT

     Appellant

C.A. No.     12CA010306


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV173291

DECISION AND JOURNAL ENTRY

Dated: February 3, 2014

---

{¶1}    Appellant Irene Jarmoszuk-Haupt appeals the judgment of the Lorain County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}    Appellee Third Federal Savings & Loan Association of Cleveland filed a complaint for money due and foreclosure against John Haupt and Irene Jarmoszuk-Haupt.  The Haupts were divorced at the time of the filing of the complaint.  Ms. Haupt filed a separate answer and counterclaim for breach of contract.[1]  Third Federal replied to the counterclaim.  Third Federal subsequently moved for partial judgment on the pleadings pursuant to Civ.R.

---

[1] Despite repeated attempts at service on John Haupt, including service by publication, Mr. Haupt failed to file an answer to the complaint.  Third Federal moved for default judgment against Mr. Haupt, and the trial court granted same.  Mr. Haupt has not appealed and is not otherwise a party to this appeal.

12(C) as to Ms. Haupt's counterclaim. Ms. Haupt replied in opposition. The magistrate denied Third Federal's motion, and the trial court adopted that decision.

{¶3} Third Federal moved for summary judgment on its complaint and Ms. Haupt's counterclaim. Ms. Haupt responded in opposition, and Third Federal replied. The matter was submitted and heard by the magistrate, who issued a decision on October 4, 2012. On the same day, the trial court issued a judgment, adopting the magistrate's decision "attached []to and incorporated [t]herein." The clerk of court issued a notice pursuant to Civ.R. 58(B) to all parties or attorneys of record that judgment was rendered and entered upon the journal of the court on October 4, 2012. The notice does not bear a time-stamp, although the clerk of court's case docket sheet indicates that the clerk's office mailed the notice on October 9, 2012.

{¶4} Ms. Haupt did not file objections to the magistrate's decision. Instead, she filed a notice of appeal on November 8, 2012. She raises one assignment of error for review.

{¶5} As a preliminary matter, Third Federal has moved to dismiss Ms. Haupt's appeal as untimely. The institution argues that Ms. Haupt failed to timely file her notice of appeal pursuant to App.R. 4(A) because the clerk of court served notice of the judgment within the three-day period prescribed by Civ.R. 58(B) in compliance with the time computation directives of Civ.R. 6(A).

{¶6} App.R. 4(A) addresses the time for appeal and provides:

A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.

{¶7} Civ.R. 6(A) addresses the computation of time and states:

In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall

not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.  When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.

{¶8}    Civ.R. 58(B) directs the clerk of court to serve the parties with notice of the judgment within three days of entering the judgment upon the journal.

{¶9}    This Court acknowledges that the judgment was entered on Thursday, October 4, 2012.  Monday, October 8, 2012, was Columbus Day, a legal holiday.  The clerk's office mailed the notice of judgment on October 9, 2012.  Accordingly, service of the trial court's judgment was technically made within three days of the entry of judgment.  It would appear, therefore, that the time for appeal began to run as of the date of the judgment, October 4, 2012, rendering Ms. Haupt's November 8, 2012 notice of appeal untimely.  Nevertheless, this Court declines to apply the time computation directives of Civ.R. 6(A) under these circumstances.

{¶10}   The purpose of the Ohio Civil Rules of Procedure is to guide the courts to effect justice.  Civ.R. 1(B) states: "These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice."  The rules exist for the benefit of practitioners, not as a yoke that binds the clerk of court's office.  Here, although Civ.R. 58(B) appears to mandate the clerk's service of the judgment within three days, App.R. 4(A) recognizes that the clerk will not always service notice within those time constraints.  Therefore, App.R. 4(A) recognizes the true purpose behind the civil rules to give parties the benefit of the full scope of time to perfect an appeal by delaying

the running of the time for appeal until service of the notice of judgment rather than entry of the judgment.

{¶11} In this case, although the judgment was entered on October 4, 2012, the clerk did not mail notice of the judgment until October 9, 2012. The parties would not have received the mailed notice until after that date. Applying Civ.R. 6(A) in this case to conclude that the time for appeal began to run as of October 4, 2012, would work an injustice in contravention of the purpose behind the rules. Assuming three days for delivery by mail of the notice, Ms. Haupt's window of time in which to perfect her appeal was reduced from thirty days to twenty-two days. We conclude, therefore, that Civ.R. 6(A) is not controlling as it was not promulgated with the intent of promoting injustice or binding the clerk. To hold otherwise would allow the clerk, albeit with no malevolent intent, to deprive a party of a substantial portion of the time allowed in which to perfect her appeal. Accordingly, we conclude that, given the clerk's delay (in part due to an intervening weekend followed by a legal holiday) in mailing the notice of entry of judgment, Civ.R. 6(A) is not implicated and cannot be used to deprive Ms. Haupt of the benefit of the thirty-day time period accorded by App.R. 4 in which to perfect her appeal. Third Federal's motion to dismiss the appeal is denied.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS BY ADOPTING THE MAGISTRATE'S DECISION GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

{¶12} Ms. Haupt argues that she was deprived of her right to due process when she was not served with the magistrate's decision granting summary judgment in favor of Third Federal, thereby foreclosing her opportunity to file objections and preserve her right to raise such issues on appeal. This Court agrees.

**{¶13}** Civ.R. 53(D)(3)(a)(iii) provides:

> A magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, *and served by the clerk on all parties or their attorneys* no later than three days after the decision is filed. A magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).

(Emphasis added.) This Court has repeatedly recognized that "[t]he clear import of [current Civ.R. 53(D)] is to provide litigants with a meaningful opportunity to register objections to the [magistrate's] report and the failure to provide such an opportunity to object is prejudicial error." *Ulrich v. Mercedes-Benz USA, L.L.C.*, 9th Dist. Summit No. 23550, 2007-Ohio-5034, ¶ 13, quoting *Ford v. Gooden*, 9th Dist. Summit No. 22764, 2006-Ohio-1907, ¶ 13.

**{¶14}** This Court agrees with Ms. Haupt that she was deprived of a meaningful opportunity to object to the magistrate's decision, and that the resulting prejudice mandates reversal and remand.

**{¶15}** The trial court's judgment stated in pertinent part: "By separate and distinct instrument, the Court adopts the Magistrate's Decision – Findings of Facts and Conclusions of Law attached hereto and incorporated herein." In this case, the magistrate's decision was journalized separately from the trial court's judgment. The magistrate's decision was not stapled or otherwise affixed to the trial court's judgment. In addition, there was only one copy of the magistrate's October 4, 2012 decision in the record. This is in stark contrast to the record evidencing the magistrate's and trial court's disposition of Third Federal's motion for judgment on the pleadings. As to that matter, the magistrate's decision was journalized on June 8, 2012, and was present in the record. The trial court, "[b]y separate and distinct instrument," adopted the magistrate's decision "attached hereto and incorporated herein." A copy of the June 8, 2012

magistrate's decision was stapled to the trial court's journal entry. Therefore, the June 8, 2012 magistrate's decision physically existed twice in the record. That was not the case with the October 4, 2012 magistrate's decision relevant to this appeal.

{¶16} The clerk of court's Civ.R. 58(B) notice of entry of the trial court's October 4, 2012 judgment did not mention the magistrate's decision filed the same day. There was no separate notice from the clerk regarding the rendering of the magistrate's decision. Moreover, the clerk's notice of the judgment did not give the parties any notice of their opportunity to file objections. Because the magistrate's decision was not physically attached to the trial court's judgment, and there was nothing in the record to indicate that the magistrate's decision was separately sent to the parties, there was nothing to indicate that the parties were served with a copy of the magistrate's decision. Accordingly, there was nothing to indicate that Ms. Haupt received notice of her opportunity to file objections to the magistrate's decision. Under these circumstances, we reverse the trial court's judgment and remand the matter for proper compliance with Civ.R. 53(D)(3)(a)(iii) to allow the parties the opportunity to file timely objections for the trial court's independent review and rendering of final judgment. *See Ulrich* at ¶ 15-16. Ms. Haupt's assignment of error is sustained.

## III.

{¶17} Ms. Haupt's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶18} I respectfully dissent. I do not believe that this Court has jurisdiction to address Ms. Haupt's arguments as her notice of appeal was untimely. Accordingly, I would grant Third Federal's motion to dismiss.

{¶19} Appellate Rule 4(A) provides that the notice of appeal of a trial court decision must be filed with this Court within 30 days from the date of the judgment entry "or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the

three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." The majority recognizes that, taking into account the intervening weekend and holiday, the clerk of court served the parties with notice within three days of entering the judgment as directed by Civil Rule 58(B). Accordingly, Ms. Haupt's deadline for appeal began to run on the date of the judgment, which was October 4, 2012. Her appeal was not filed until November 8, 2012, and is, therefore, untimely. "This Court has recognized that * * * '[w]here an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." *State v. Lovett*, 9th Dist. Summit No. 26779, 2013-Ohio-3515, ¶ 6, quoting *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7. Thus, I respectfully dissent.

APPEARANCES:

GARY COOK and MICHAEL ATEN, Attorneys at Law, for Appellant.

JASON K. WRIGHT, Attorney at Law, for Appellee.